[Nos. 34390-4-I; 34490-1-I. Division One. June 26, 1995.]
LEO C. BRUTSCHE, ET AL., *Appellants*, v. THE CITY OF KENT, *Respondents*.

*Jerald A. Klein* and *Roger A. Lubovich*, for appellant.
*Stewart A. Estes* and *Laura Evezich,* for respondent.

AGID, J. — Seventy-three days after the Kent City Council (City) enacted its 1992 amendments to its zoning code rezoning 305 acres in the downtown core of the City, Leo C. and Robert Brutsche (Brutsche) filed a declaratory judgment complaint alleging that the amendments were facially unconstitutional. The trial court granted the City's motion for summary judgment, ruling that Brutsche's action was time-barred. Brutsche appeals, contending that the trial court should have applied a three-year statute of limitations and that the zoning amendments violate his constitutional rights to substantive due process and equal protection. We conclude that Brutsche did not plead a cause of action under 42 U.S.C. § 1983 and his claim is barred by the 30-day statute of limitations governing this land use challenge. We affirm on that ground and do not reach the other issues raised on appeal.

## FACTS

On July 7, 1992, the City enacted ordinances 3050 and 3051 as part of an area-wide rezone in downtown Kent. The ordinances established three new zoning districts as part of the City's Downtown Revitalization Plan: Downtown Commercial (DC), Downtown Commercial Enterprise (DCE), and Downtown Limited Manufacturing (DLM). Brutsche owns seven parcels within the rezone area, six of which have buildings designed for manufacturing uses but

which are now in the DCE zone. Although Brutsche's manufacturing businesses can continue to operate as legal nonconforming uses in the DCE district, he claims that the rezone has had a detrimental financial impact on his and his tenants' businesses.

On September 23, 1992, Brutsche filed a declaratory judgment action. He alleged that the 1992 zoning ordinances (1) were facially unconstitutional because they had no reasonable relationship to any legitimate public purpose, and (2) violated equal protection because light manufacturing businesses were included in the DLM district while the same type of businesses were eliminated from the DCE district.

## DISCUSSION

1. Did Brutsche Invoke the Three-Year Limitation Period by Pleading a Section 1983 Action?

Brutsche contends that the trial court erred in granting the City's motion to dismiss on timeliness grounds,[1] arguing that the trial court should have applied the three-year limitation period applicable to actions brought under 42 U.S.C. § 1983 (section 1983). The City contends that Brutsche did not allege a section 1983 violation in his complaint and cannot, therefore, invoke the three-year limitation period applicable to civil rights claims. We agree.

A property owner may mount a constitutional challenge to a zoning ordinance by claiming that it violates his right to substantive due process. *Presbytery of Seattle v. King County*, 114 Wn.2d 320, 330, 787 P.2d 907, *cert. denied*, 498 U.S. 911 (1990); *Jones v. King County*, 73 Wn. App. 1060, 874 P.2d 853 (1994). In determining whether the ordinance is constitutional, the courts apply

---

[1]The City's motion to dismiss was in fact a motion for summary judgment because it required the court's consideration of matters outside the pleadings. As such, the motion must be treated as one for summary judgment. CR 12(c). We therefore reject the City's cross-appeal in which it argues that the trial court should have granted its motion under CR 12(b)(6) (failure to state a claim on which relief can be granted).

a three-prong test: (1) whether the ordinance is aimed at achieving a legitimate public purpose; (2) whether it uses means that are reasonably necessary to achieve that purpose; and (3) whether the ordinance unduly oppresses the land owner. *Presbytery*, 114 Wn.2d at 330; *Jones*, 74 Wn. App. at 479. If the ordinance fails to satisfy any one of these three prongs, it violates due process. Under the Presbytery substantive due process analysis, the remedy is invalidation of the ordinance. *Robinson v. Seattle*, 119 Wn.2d 34, 55, 830 P.2d 318, *cert. denied*, 113 S. Ct. 676 (1992); *Presbytery*, 114 Wn.2d at 331-32.

 In addition to seeking a declaration that the offending ordinance is invalid, a plaintiff may also allege that the substantive due process violation entitles him to damages under federal statutes. Like personal liberties, property rights are within the protection of 42 U.S.C. § 1983. *See Robinson*, 119 Wn.2d at 60-61 (in alleging that the City of Seattle acted arbitrarily and capriciously in continuing to enforce a previously invalidated housing preservation ordinance, the plaintiffs stated a claim for relief under section 1983).[2] To state a cause of action under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant's conduct deprived him of rights protected by the constitution or laws of the United States.[3] *Sintra, Inc. v. Seattle*, 119 Wn.2d 1, 11-12, 829 P.2d 765, *cert. denied*, 113 S. Ct. 676 (1992).

Here, Brutsche's complaint alleges that the zoning

---

[2]In *Robinson*, 119 Wn.2d at 56, the court stated: "What must be proved by a section 1983 plaintiff may involve more than is necessary for establishing a right to relief under *Presbytery*['s substantive due process analysis]. In many cases this means that burdens will be more difficult, but also that additional remedies will be available in section 1983 cases".

[3]42 U.S.C. § 1983 states in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

amendments are unconstitutional on their face because they "deprive[ ] property owners such as Plaintiffs of certain uses without being in support of a legitimate public purpose" and have no "reasonable relationship to any legitimate public purpose". The complaint further alleges a violation of Brutsche's rights to equal protection and due process. However, nowhere does Brutsche state he is bringing an action under section 1983; nor does he set forth the elements of a section 1983 action and request damages under that statute. Rather, the complaint's allegations closely follow the first two prongs of the *Presbytery* substantive due process analysis seeking a declaration that the ordinance is invalid.

Nor does it appear from the pleadings that the parties and the court proceeded as if Brutsche had requested relief under section 1983. Neither his motion for summary judgment, seeking a declaration that the zoning amendments were unconstitutional, nor his supporting memorandum even mentions section 1983.[4] The only pleading in which Brutsche actually relied on the three-year statute of limitation period applicable to section 1983 claims is his memorandum in opposition to the City's motion to dismiss.[5] The City had no opportunity to respond to this argument in writing because it was raised so late.[6] There is no record of the motion hearing, so this court has no way of knowing what the parties argued at that hearing. In addition, none of the City's pleadings addresses the section 1983 argument. Thus, this is not a case where, despite the plaintiff's failure to properly plead an issue, the parties briefed and argued the issue and the trial court ruled on it. See *King County v. State Boundary Review*

---

[4]Brutsche cited three substantive due process cases as authority in support of motion for summary judgment. No section 1983 cases were cited.

[5]In another memorandum, filed in opposition to the City's summary judgment motion, Brutsche cited section 1983 as support for his constitutional claim, but he did not argue that the three-year statute of limitation period applicable to section 1983 claims applied in his case.

[6]The City was served with a copy of the memorandum on March 28, 1994. The order of dismissal was entered on April 1, 1994.

*Bd.*, 122 Wn.2d 648, 660, 860 P.2d 1024 (1993). The trial court's decision to grant summary judgment on the ground that the action was time-barred buttresses the conclusion that neither the parties nor the court treated Brutsche's claim as a section 1983 action. The limitation period applicable to section 1983 actions is clearly three years. *Robinson*, 119 Wn.2d at 85-86. Therefore, had Brutsche advanced a section 1983 claim below, his substantive due process claim would have been timely. Consequently, we must imply from the trial court's ruling that it did not have notice of Brutsche's section 1983 claim.

2. What Statute of Limitations Applies?

Having decided that Brutsche did not plead a section 1983 claim, we must determine what appeal period does apply. In *Federal Way v. King County*, 62 Wn. App. 530, 815 P.2d 790 (1991), the City of Federal Way sought a declaratory judgment that a street vacation ordinance never went into effect because its emergency clause was invalid. Federal Way filed a motion for summary judgment which the respondent, Steel Lake Court Associates Limited Partnership (SLC), opposed on the ground that Federal Way's declaratory judgment action was untimely. The trial court granted Federal Way's motion and entered an order declaring that the ordinance had not gone into effect. On appeal, SLC again argued that the declaratory judgment action was time-barred, and this court agreed. *Federal Way*, 62 Wn. App. at 533-34.

In analyzing the timeliness issue, we first noted that the statutes governing writs of certiorari and declaratory judgment proceedings do not establish a time period in which the actions must be brought. See RCW 7.16 and 7.24. We therefore determined that, like writ proceedings, declaratory judgment actions must be brought within a "reasonable time". *Federal Way*, 62 Wn. App. at 536. "What constitutes a reasonable time is determined by analogy to the time allowed for appeal of a similar decision as prescribed by statute, rule of court, or other provi-

sion". 62 Wn. App. at 536-37. SLC argued that one of two analogous appeal periods applied: (1) the 10-day period in which a referendum petition could have been filed had the ordinance not been enacted on an emergency basis, King County Charter 230.70; and (2) the 20-day period applicable to challenges to most King County land use decisions by writ of certiorari, King County Code (KCC) 20.24.240(A). Federal Way countered that the two-year "catchall" limitation statute should apply.

We rejected Federal Way's argument because

> [t]he consistent policy in this state is to review decisions affecting use of land expeditiously so that legal uncertainties can be promptly resolved and land development not unnecessarily slowed or defeated by litigation-based delays. It would contravene this policy to apply the 2-year statute as advocated by Federal Way.

(Citations omitted.) *Federal Way*, 62 Wn. App. at 538.

Following the general rule that the longer of two analogous appeal periods should be applied, this court ruled that the 20-day period applied.[7] We dismissed the City's action, which was filed more than 20 days after the ordinance was enacted because it was not commenced within the requisite "reasonable time". *Federal Way*, 62 Wn. App. at 539.

Like *Federal Way*, Brutsche filed a declaratory judgment action asking the court to rule that an ordinance affecting the use of land is void. The reasonable-time-by-analogy analysis therefore applies in this case as well.

The City identifies only one analogous limitation period: the 30-day period during which its qualified electors may challenge an ordinance through the referendum process. This appeal period is not analogous because ordinances amending zoning codes are not subject to the referendum

---

[7] In addition to the 20-day period set out in KCC 20.24.240(A), the court noted that the 20-day period for appealing a decision of the board of county commissioners, RCW 36.32.330, was another analogous limitation period. *Federal Way*, 62 Wn. App. at 538-39.

process. *Leonard v. Bothell*, 87 Wn.2d 847, 557 P.2d 1306 (1976) (where Legislature granted power to adopt and modify zoning code to the City's legislative body, not to the City as a corporate entity, referendum rights did not apply); *Lince v. Bremerton*, 25 Wn. App. 309, 607 P.2d 329 (1980) (invalidating zoning code amendment enacted by initiative on basis that Legislature delegated zoning power to legislative authority of cities, thereby precluding zoning enactments by initiative). *See also Snohomish County v. Anderson*, 123 Wn.2d 151, 156, 868 P.2d 116 (1994) (ordinance establishing countywide planning policies pursuant to Growth Management Act not subject to referendum because the statute delegated authority to enact such policies to county "legislative authority"); *Save Our State Park v. Board of Clallam County Comm'rs*, 74 Wn. App. 637, 649, 875 P.2d 673 (1994) ("Lince, Leonard, and Anderson establish collectively that initiative and referendum are not compatible with zoning ordinances").

The City distinguishes *Leonard* because it involved a rezone of a specific parcel rather than an area-wide rezone. However, the quasi-judicial nature of the challenged action was only one of the grounds the *Leonard* court relied on to hold that referendum rights did not apply to the rezone. The court also relied on public policy considerations and statutory interpretation. It reasoned that the uniformity in decisionmaking necessary to the administration of a zoning act could be destroyed by referendum, and that the Legislature's grant of zoning power to the City's legislative body as opposed to its corporate entity precludes referendum rights. *Leonard*, 87 Wn.2d at 849-54. Those reasons apply equally to this case. Further, the cases following *Leonard* cited *supra* all involved legislative or policy decisions affecting an area greater than one specific piece of property. We therefore reject the City's argument that the analogous limitation period is the time allowed for appeal of an ordinance through the referendum process.

Here, there is no local ordinance prescribing the time

period within which an appeal must be taken from an area zoning decision.[8] This court was faced with the same situation in *Concerned Organized Women & People Opposed to Offensive Proposals, Inc. v. Arlington,* 69 Wn. App. 209, 847 P.2d 963, *review denied,* 122 Wn.2d 1014 (1993). There, Concerned Women challenged the City's approval of a comprehensive plan amendment, rezone, preliminary plat, and shoreline development permit. We reasoned that a comprehensive plan amendment and a rezone to authorize a specific project were substantively similar in nature to approval of a preliminary plat, and found the analogy to the 30-day limit for appeals from preliminary plat approvals compelling. See RCW 58.17.180. We also found two other 30-day appeal periods analogous,[9] and concluded that the "30-day period is consistent with the 30-day period for appeals from preliminary plats *and supportive of a general 30-day rule for appeals from land use decisions*". (Emphasis added.) *Concerned Women,* 69 Wn. App. at 217. We therefore concluded:

> Uniformity and clarity as to the time for appeal is in the interest of all participants in governmental land use decisions. We are satisfied that the 30-day limit of RCW 58.17.180 is appropriate and should apply by analogy to all such decisions where a different time is not prescribed by local ordinance or state statute.

69 Wn. App. at 217-18. *See also Cathcart-Maltby-Clearview Community Council v. Snohomish County,* 96 Wn.2d 201, 634 P.2d 853 (1981) (in absence of a controlling statute or

---

[8]Nor did the Legislature prescribe a time limit for appeals from legislative zoning decisions in optional municipal code cities like Kent. *See* RCW 35A.63 (planning and zoning in code cities).

[9]*See* RCW 64.40.020 and .030 (establishing a 30-day limitation period for actions for damages resulting from certain improper land use decisions); RCW 43.21C.080 (challenges to threshold determination that an environmental impact statement is necessary must be brought within 30 days). *Concerned Women,* 69 Wn. App. at 216.

ordinance, writ of review filed within 30 days of county board of commissioners' rezone decision was timely filed).[10]

■ We hold that where, as here, there is no other appeal period prescribed by state statute or local ordinance governing the type of land use action involved, the appeal must be brought within 30 days of the municipality's or agency's final decision. Such a bright line rule will serve the public interest by giving decision makers, land owners and citizens a clear deadline by which a land use decision, if not appealed, is final.[11] *See Concerned Women*, 69 Wn. App. at 217-18; *Federal Way*, 62 Wn. App. at 538; *Deschenes v. King County*, 83 Wn.2d 714, 717, 521 P.2d 1181 (1974). Since Brutsche did not commence his action until 73 days after the zoning ordinances were enacted, the trial court correctly dismissed the action on the ground that it was untimely filed.[12]

Affirmed.

KENNEDY, A.C.J., and COLEMAN, J., concur.

Reconsideration denied July 25, 1995.

Review denied at 128 Wn.2d 1003 (1995).

---

[10]In *Federal Way*, the court held that RCW 36.32.330, which sets forth a 20-day appeal period for decisions of the board of county commissioners, was one of three appeal periods applicable by analogy to the County's declaration of emergency. 62 Wn. App. at 538-39. However, this appeal period does not apply to zoning decisions. *Cathcart*, 96 Wn.2d at 205.

[11]We are not persuaded by Brutsche's argument that the policy reasons for having shorter appeal periods in land use cases do not apply to areawide rezones. Here, the City's primary purpose in passing the zoning amendments was to encourage revitalization of the downtown area. Developers would undoubtedly hesitate to go forward with projects while the constitutionality of the zoning classifications for the area are being challenged.

[12]In light of our holding that Brutsche's action was time-barred, we do not have jurisdiction to reach his constitutional claims.