[No. 32753-8-II.  Division Two.  April 18, 2006.]

JAMES R. CARY ET AL., *Appellants*, v. MASON COUNTY ET AL., *Respondents*.

---

[49] *Chemetron,* 72 F.3d at 347-48.

496

*Mary A. Cary*, *John E. Diehl*, *James R. Cary*, and *William D. Fox, Sr.*, pro se.

*Richard G. Phillips, Jr.* (of *Owens Davies, P.S.*), and *Gary P. Burleson, Prosecuting Attorney*, and *T.J. Martin, Deputy*, for respondents.

¶1 ARMSTRONG, J. — James R. Cary appeals the trial court's dismissal of his action for declaratory judgment, arguing that a Mason County ordinance, adopted as a "special assessment," is actually an invalid and unconstitutional "property tax." The lower court ruled that the "reasonable time" for challenging the ordinance by a declaratory judgment action was 30 days and that Cary's action was therefore time barred because he waited six months to file. We disagree, holding that Cary's action is analogous to actions to recover any tax levied or assessed under RCW 84.68.060. Such actions must be commenced by June 30 of the year following the year the tax became payable. Under that rule, Cary's complaint was timely; accordingly, we reverse and remand.

## FACTS

¶2 On September 3, 2002, Mason County (County) adopted ordinance 121-02, establishing a conservation special assessment under RCW 89.08.400. The text of the ordinance reads:

> There shall be an assessment for natural resource conservation as authorized by RCW 89.08.400 in the amount of $5.00 per non forested land parcel with $0.00 fee per acre assessed for ten years starting 2003 and continuing through 2012.

Clerk's Papers (CP) at 49.

¶3 On March 10, 2003, Cary sued the County, seeking a declaratory judgment that the ordinance was an invalid and unconstitutional property tax in the guise of a special assessment. He filed the action more than six months after the County had adopted the special assessment.

¶4 The County moved for judgment on the pleadings under CR 12(c), arguing that Cary failed to timely file his action under the "reasonable time" for appeals doctrine for challenging local and municipal improvements, which must be brought within 30 days. CP at 33. Cary responded that because he was challenging the ordinance as an unconstitutional tax, the claim should be tested against the time allowed for tax recovery actions, in which case his action was timely. Reasoning that the time limit for a declaratory judgment action is determined by analogy to the time allowed for appeal of a similar decision and finding that the analogous period to apply afforded Cary only 30 days to appeal, the lower court held that Cary's action was untimely.

## ANALYSIS

### I. Standard of Review

¶5 This appeal arises from the County's motion for judgment on the pleadings. CR 12(c). If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the court will treat the motion as one for summary judgment and dispose of it under CR 56. CR 12(c).

■■ ¶6 However, the various documents the parties submitted to the trial court in support of and in opposition to the County's motion (including the ordinance itself and the agreement between Mason Conservation District (District) and Mason County Department of Health Services)[1]

---

[1] On October 22, 2002, the Board of Commissioners approved an agreement between the Department of Health Services and the District. The agreement "addresses the responsibilities and procedures of the Mason Conservation District

are not material to the determination of whether Cary timely filed his complaint. *Cf. N. Coast Enters., Inc. v. Factoria P'ship*, 94 Wn. App. 855, 859, 974 P.2d 1257 (1999) (holding that the information contained in a declaration, a description of negotiations between the parties prior to trial, and other matters were not material to the question of whether the statute of limitations had run for a particular contracts claim). Thus, we examine the pleadings alone "to determine whether the claimant can prove any set of facts, consistent with the complaint, that would entitle the claimant to relief." *Factoria P'ship*, 94 Wn. App. at 861 (citing *City of Moses Lake v. Grant County*, 39 Wn. App. 256, 258, 693 P.2d 140 (1984)). In doing so, we accept as true any factual allegations in the complaint. *City of Moses Lake*, 39 Wn. App. at 258 (citing *Berge v. Gorton*, 88 Wn.2d 756, 759, 567 P.2d 187 (1977)); *Corrigal v. Ball & Dodd Funeral Home, Inc.*, 89 Wn.2d 959, 961-62, 577 P.2d 580 (1978).

## II. Taxes, Regulatory Fees, and Assessments

■ ¶7 Generally speaking, "[T]axes are imposed to raise money for the public treasury." *Okeson v. City of Seattle*, 150

---

and the Mason County Department of Health Services related to the Assessment." CP at 50. The stated "goals" of the agreement are as follows:

> Mason Conservation District and Mason County Department of Health Services are entering into this partnership to more effectively and efficiently provide the community with services to improve and maintain water quality and the protection of public health. They will work both independently and jointly to insure that Mason County has healthy water resources for household, recreational, agricultural, and commercial use, as well as fish and wildlife habitat and shellfish production for generations to come.

CP at 51. The agreement also states that the "services" provided will consist of, in part, the following:

> The Mason Conservation District will utilize its portion of Assessment net revenue to increase its' [sic] capability of providing technical assistance to landowners for the implementation for Best Management Practices and creation of farm plans designed to reduce the potential for non-point pollution. The District will also implement stream habitat improvement projects, provide education and outreach activities, and respond to requests from the community and referrals from the Mason County Department of Health Services. Assessment funds may also be used as matching funds for future grants addressing non-point pollution issues within Mason County.

CP at 51. The agreement also provides that it might be amended at any time by written agreement of the parties.

Wn.2d 540, 551, 78 P.3d 1279 (2003) (citing *Dean v. Lehman*, 143 Wn.2d 12, 25, 18 P.3d 523 (2001)); *see also* WASH. CONST. art. VII, § 1. Local governments may require payment of "fees" that are " 'akin to charges for services rendered.' " *Carrillo v. City of Ocean Shores*, 122 Wn. App. 592, 602, 94 P.3d 961 (2004) (quoting *Covell v. City of Seattle*, 127 Wn.2d 874, 884, 905 P.2d 324 (1995)); WASH. CONST. art. XI, § 11 (police powers). Similarly, special assessments are "a distinctive form of user charge which allocates the cost of public improvements that increase the value of an asset (property) to the owner of that asset." Hugh D. Spitzer, *Taxes vs. Fees: A Curious Confusion*, 38 GONZ. L. REV. 335, 350-51 & n.147 (2002/2003) (discussing article VII, section 9 of the Washington Constitution and noting that the constitutional language enables local governments to " 'make local improvements by *special assessment, or by special taxation of property benefited,*' " which suggests assessments and special taxes are distinct (emphasis added) (quoting WASH. CONST. art. VII, § 9)). As with other user fees, special assessments must "relate directly to the cost of the improvements, relate to the value of the improvements to the property assessed, and be deposited in special accounts for the particular improvements." Spitzer, *supra*, 38 GONZ. L. REV. at 351 (citing *Bellevue Assocs. v. City of Bellevue*, 108 Wn.2d 671, 674-75, 741 P.2d 993 (1987)); *see also* Philip A. Trautman, *Assessments in Washington*, 40 WASH. L. REV. 100, 118 (1965). Mason County adopted the ordinance in this case under RCW 89.08.400 as a conservation "special assessment." CP at 56.

### III. Challenges to Special Assessments under RCW 89.08.400

■ ■ ¶8 RCW 89.08.400 prescribes no time limit for legal challenges to assessments authorized by statute. The Uniform Declaratory Judgments Act, chapter 7.24 RCW,

includes no timeliness provisions either.[2] Instead, Washington courts have said that "declaratory judgment actions must be brought within a 'reasonable time'." *Brutsche v. City of Kent*, 78 Wn. App. 370, 376, 898 P.2d 319 (1995) (quoting *City of Federal Way v. King County*, 62 Wn. App. 530, 536, 815 P.2d 790 (1991)). " 'What constitutes a reasonable time is determined by analogy to the time allowed for appeal of a *similar decision* as prescribed by statute, rule of court, or other provision'. " *Brutsche*, 78 Wn. App. at 376-77 (emphasis added) (quoting *City of Federal Way*, 62 Wn. App. at 536-37). In general, when there is more than one analogous appeal period, "the longer of two . . . periods should be applied." *Brutsche*, 78 Wn. App. at 377.

¶9 The County argues that appeal periods for local improvements and other municipal actions typically range from 10 to 30 days. It notes that under RCW 36.94.290, county local improvement assessments must be appealed within 10 days.[3] Similarly, under RCW 36.32.330, appeals from decisions of the county commissioners must be appealed within 20 days.[4] And under RCW 35.43.100, any lawsuit of any kind challenging a municipal local improve-

---

[2] A declaratory judgment is the appropriate method to determine questions of construction or validity of a statute or ordinance. RCW 7.24.020.

[3] RCW 36.94.290, entitled "**Local improvement districts and utility local improvement districts—Appellate review**," states in pertinent part:

The decision of the board of county commissioners upon any objections made within the time and in the manner herein prescribed, may be reviewed by the superior court upon an appeal thereto taken in the following manner. Such appeal shall be made by filing written notice of appeal with the clerk of the board of county commissioners and with the clerk of the superior court within ten days after the resolution confirming such assessment roll shall have become published, and such notice shall describe the property and set forth the objections of such appellant to such assessment.

[4] RCW 36.32.330, entitled "**Appeals from board's action**," states in pertinent part:

Any person may appeal to the superior court from any decision or order of the board of county commissioners. Such appeal shall be taken within twenty days after the decision or order, and the appellant shall within that time serve notice of appeal on the county commissioners.

ment must be filed and served within 30 days.[5] These examples, the County states, demonstrate that the 30-day period is the longest analogous period and the correct one to apply.

¶10 In contrast, Cary argues that the appeal period for actions to recover any tax levied or assessed is also analogous. Under RCW 84.68.060, actions to recover any tax levied or assessed may be commenced until "after the 30th day of the next succeeding June following the year in which said tax became payable." Cary claims that the tax in this case was not payable until 2003; thus, he had until June 30, 2004, to bring his complaint. He filed his complaint for declaratory judgment on March 10, 2003.

¶11 The County likens this case to *Brutsche*. In *Brutsche*, 73 days after the Kent City Council amended its zoning code, Brutsche filed a declaratory judgment complaint alleging that the amendments were facially unconstitutional, violating due process and equal protection. The trial court granted the city summary judgment, ruling that the action was time barred. *Brutsche*, 78 Wn. App. at 372. On appeal, Brutsche contended that the trial court should have applied a three-year statute of limitations for the equal protection claims as brought under 42 U.S.C. § 1983. *Brutsche*, 78 Wn. App. at 372. Division One of the Court of Appeals affirmed the lower court, concluding that Brutsche did not plead a cause of action under 42 U.S.C. § 1983 and, therefore, the three-year statute of limitations did not apply. Instead, it used the reasonable time-by-analogy

---

[5] RCW 35.43.100, entitled **"Ordinance—Finality—Limitation upon challenging jurisdiction or authority to proceed,"** states in pertinent part:

The council may continue the hearing upon any petition or resolution provided for in this chapter and shall retain jurisdiction thereof until it is finally disposed of. The action and decision of the council as to all matters passed upon by it in relation to any petition or resolution shall be final and conclusive. No lawsuit whatsoever may be maintained challenging the jurisdiction or authority of the council to proceed with the improvement and creating the local improvement district or in any way challenging the validity thereof or any proceedings relating thereto unless that lawsuit is served and filed no later than thirty days after the date of passage of the ordinance ordering the improvement and creating the district or, when applicable, no later than thirty days after the expiration of the thirty-day protest period provided in RCW 35.43.180.

analysis and held that Brutsche's declaratory judgment action, based on an allegedly invalid statute, was barred by the 30-day statute of limitations governing land use challenges. *Brutsche*, 78 Wn. App. at 372.

¶12 *Brutsche*, however, is distinguishable. Unlike the plaintiff in *Brutsche*, who failed to state a section 1983 claim in the complaint, Cary specifically alleged that the ordinance created a property tax, not a special assessment. In his complaint, he asserted that ordinance 121-02 "imposes a levy on property simply by virtue of ownership of property, without regard to any improvements appurtenant to the property or special benefits conferred on the property." CP at 42. As a result, he argued, the ordinance "has the earmarks of a property tax, not a special assessment." CP at 42. Further, he complained that the ordinance "does not ensure . . . any improvements or benefits appurtenant to assessed land." CP at 42. Moreover, it "does not ensure that any improvements or benefits to assessed land will be substantially more intense than whatever benefits of the District's activities are conferred on property not subject to the assessment." CP at 42. And he stated that the County "intended to spend most of the revenues from the assessment for broad public purposes, instead of providing special improvements or benefits to each of the parcels so taxed."[6] CP at 42. Consistent with these factual allegations, he

---

[6] Cary also stated in the amended complaint:

Although the most recent agreement between the County and the District purports to provide financial support for work to specially benefit assessed parcel owners, this agreement, which comes after the constitutionality of the Ordinance was challenged and which may be changed or terminated at any time, is not materially relevant to the constitutionality of the original Ordinance as adopted. Moreover, even though the language of the recent agreement was obviously written to try to defend against the original complaint, it still does not ensure that the assessment would be spent on improvements or benefits appurtenant to assessed land, or that any improvements or benefits conferred on assessed land will be substantially more intense than are conferred on property not subject to the assessment.

CP at 42. "Neither Ordinance 121-02 nor the associated agreement between the County and the Conservation District proposes any land development or change in land use or zoning. . . . The Conservation District is not a local improvement district." CP at 30.

argued that the appeal period for recovering any tax levied or assessed should govern his action.

¶13 Cary's complaint is clear; he argues that the ordinance is an invalid tax—not a special assessment or a local improvement. Accepting as true Cary's allegations, the action is more analogous to one seeking to recover a tax than to one challenging municipal local improvements. The appeal period for actions to recover any tax levied or assessed at RCW 84.68.060 is longer than the appeal period provided for challenges to local improvements at RCW 35.43.100; thus, RCW 84.68.060 was the analogous appeal period.

¶14 We hold that the trial court erred in ruling that Cary's action was barred by analogy to the 30-day period that limits other actions against the County. Under RCW 84-.68.060, Cary had until June 30, 2004, to bring his complaint; he filed before that date. We reverse and remand to the trial court for a decision on the merits.

QUINN-BRINTNALL, C.J., and VAN DEREN, J., concur.

Review denied at 159 Wn.2d 1005 (2007).