IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| METHOW VALLEY CITIZENS COUNCIL AND FUTUREWISE, | ) ) ) | No.  39059-4-III |
| Respondents, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| OKANOGAN COUNTY, | ) ) | |
| Petitioner. | ) | |

COONEY, J. — Methow Valley Citizens Council and Futurewise (MVCC) filed a

petition challenging Okanogan County's (County) adoption of its comprehensive plan.

MVCC's petition was filed 62 days after adoption of the comprehensive plan.  The

County moved to dismiss MVCC's petition on the basis that it was untimely and MVCC

lacked standing.

The County plans under the Planning Enabling Act of the State of Washington

(PEA), chapter 36.70 RCW, which does not contain a statute of limitations for appealing

the adoption of a comprehensive plan.  Consequently, a disagreement between the parties

ensued over the applicable statute of limitations period.  The County argued for

application of Okanogan County Code (OCC) 17A.350.030's 20-day limit on challenging

legislative actions while MVCC advocated for the application of the Growth

Management Act's (GMA), chapter 36.70A RCW, 60-day statute of limitations.  MVCC

claimed the triggering event for commencement of the 60-day statute of limitations was a

local newspaper article about the County's adoption of the comprehensive plan.

The superior court determined the GMA's 60-day statute of limitations period

applied.  It further found the newspaper article was the event that triggered

commencement of the statute of limitations period.  The superior court concluded that

MVCC's petition was timely and that MVCC had standing to bring its claim under the

Uniform Declaratory Judgment Act (UDJA), chapter 7.24 RCW.  We granted the

County's motion for discretionary review.  We affirm.

## BACKGROUND

On December 29, 2021, following an extensive public process, the Okanogan

County Board of County Commissioners (BOCC) adopted its comprehensive plan

pursuant to the PEA.[1]  On January 5, 2022, a local newspaper published an article about

the BOCC's adoption of the comprehensive plan.  On March 1, 2022, 62 days after the

comprehensive plan was adopted, MVCC filed a petition in the Okanogan County

Superior Court challenging the comprehensive plan under the UDJA.  MVCC's petition

also included State Environmental Policy Act (SEPA), chapter 43.21C RCW, claims and

other causes of action.

---

[1] The record before us lacks any evidence that the County provided advanced
notice of the comprehensive plan's potential adoption.

The County promptly filed a motion under Civil Rule (CR) 12(b)(6), claiming MVCC had failed to state a claim on which relief could be granted. The County asserted MVCC's claims were untimely and MVCC lacked standing because their purported injuries were speculative in nature and, therefore, insufficient to demonstrate injury in fact. In response, MVCC filed declarations from property owners who conceivably would be affected by the comprehensive plan. The declarations predated the adoption of the comprehensive plan. The County's motion to dismiss was brought before a superior court commissioner. At the conclusion of the hearing, the court commissioner denied the County's motion.

The County then filed a motion to revise the commissioner's order. The trial court determined that the GMA's 60-day statute of limitations applied to MVCC's petition. The court reasoned that adopting a comprehensive plan is different from other land use decisions such as "vacating a road or planning a road or some of the other statutory legislative powers that are granted to boards of county commissioners," which are more like what "one would think of when thinking of a board of county commissioners." Rep. of Proc. (RP) at 43. The court found that the "best evidence" of notice of adoption of the comprehensive plan was the newspaper article. RP at 44. The trial court concluded that MVCC's petition was timely as it was filed within 60 days of the local newspaper publishing the article. The court also ruled that MVCC had standing to bring its claims

3

because MVCC's member's allegations of threatened harm sufficiently showed injury in fact.

The County sought discretionary review, arguing that the trial court committed obvious error in applying the GMA's 60-day statute of limitations. Even if the GMA's statute of limitations was applicable, the County posited that the court erred by using the newspaper article as the triggering event that commenced the statute of limitations period. Comm'r's Ruling (Dec. 14, 2022) at 3-7. The County also maintained that MVCC lacked standing to bring its claims. *Id.* at 7-11. A commissioner of this court granted discretionary review under RAP 2.3(b)(1) on the statute of limitations issue and allowed the County to address its standing argument as a matter of judicial economy. *Id.* at 11.

## ANALYSIS

The County asserts the superior court committed obvious error by incorrectly applying, by analogy, the GMA's 60-day statute of limitations, by using a local newspaper article as the triggering event for commencement of the statute of limitations period, and in concluding that MVCC had standing to bring its claims.

When reviewing a motion to revise a superior court commissioner's order pursuant to RCW 2.24.050, this court reviews the superior court's legal conclusions de novo. *Faciszewski v. Brown*, 187 Wn.2d 308, 313-14, 386 P.3d 711 (2016). Any orders and findings of a commissioner not revised by the superior court "become the orders and

findings of the superior court." *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017).

We apply de novo review to orders entered on CR 12(b)(6) motions. *Dussault v. American Int'l Group, Inc.*, 123 Wn. App. 863, 866-67, 99 P.3d 1256 (2004). The court should only grant a CR 12(b)(6) motion when it appears beyond a doubt that no set of facts, consistent with the complaint, would entitle the plaintiff to relief. *Bravo v. The Dolsen Cos.*, 125 Wn.2d 745, 750, 888 P.2d 147 (1995).

On review, we consider only whether the complaint has adequately stated a claim for relief and does not include reaching the merits of the plaintiff's arguments. *Byrd v. Pierce County*, 5 Wn. App. 2d 249, 256-57, 269-70, 425 P.3d 948 (2018). All facts alleged in the complaint are presumed true and courts may consider hypothetical facts supporting the plaintiff's claims. *Id*. at 257. If a claim remains legally insufficient under the proffered hypothetical facts, dismissal under CR 12(b)(6) is appropriate. *Alim v. City of Seattle*, 14 Wn. App. 2d 838, 851, 474 P.3d 589 (2020). However, a motion to dismiss will only be granted when a "'plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Byrd*, 5 Wn. App. 2d at 257 (quoting *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007)).

I. STATUTE OF LIMITATIONS

The PEA, which the County plans under, lacks a provision for challenging a comprehensive plan adopted pursuant to the act. *See generally* RCW 36.70.320-.440.

Accordingly, the PEA is void of a statute of limitations for filing a challenge to a comprehensive plan. Similarly, absent from the UDJA is a statute of limitations. Therefore, UDJA actions must "be brought within a 'reasonable time.'" *Auto. United Trades Org. v. State*, 175 Wn.2d 537, 541-42, 286 P.3d 377 (2012) (quoting *Brutsche v. City of Kent*, 78 Wn. App. 370, 377, 389 P.2d 319 (1995)). The trial court must determine what constitutes "a reasonable time" for filing a declaratory relief action "by analogy to the time allowed for appeal of a similar decision as prescribed by statute, rule of court, or other provision." *Brutsche*, 78 Wn. App. at 376. When there are two analogous appeal periods, the general rule is that the longer of the two should apply. *Id.* at 377.

The County advocates for the application of the 20-day statute of limitations for appealing county legislative decisions. OCC 17A.350.030; RCW 36.32.330. MVCC promotes the more liberal 60-day limitation period for appealing a notice of adoption of a comprehensive plan under the GMA. RCW 36.70A.290(2).

OCC 17A.350.030 states, "Appeals of the final decision of any legislative actions from the board of Okanogan County commissioners shall be submitted to superior court in accordance with *RCW 36.32.330*." (Emphasis added.) RCW 36.32.330 provides:

> Any person may appeal to the superior court from any decision or order of the board of county commissioners. *Such appeal shall be taken within twenty days after the decision or order*, and the appellant shall within that time serve notice of appeal on the county commissioners. The notice shall be in writing and shall be delivered to at least one of the county

commissioners personally, or left with the county auditor. The appellant shall, within ten days after service of the notice of appeal give a bond to the county with one or more sureties, to be approved by the county auditor, conditioned for the payment of all costs which shall be adjudged against him or her on such appeal in the superior court. The practice regulating appeals from and writs of certiorari to justice's courts shall, insofar as applicable, govern in matters of appeal from a decision or order of the board of county commissioners.

(Emphasis added.) More expansively, RCW 36.70A.290(2), the GMA's statute of

limitations, provides:

(2) All petitions relating to whether or not an adopted comprehensive plan, development regulation, or permanent amendment thereto, is in compliance with the goals and requirements of this chapter or chapter 90.58 or 43.21C RCW *must be filed within sixty days after publication as provided in (a) through (c) of this subsection.*
(a) Except as provided in (c) of this subsection, the date of publication for a city shall be the date the city publishes the ordinance, or summary of the ordinance, adopting the comprehensive plan or development regulations, or amendment thereto, as is required to be published.
*(b) Promptly after adoption, a county shall publish a notice that it has adopted the comprehensive plan or development regulations, or amendment thereto.*
Except as provided in (c) of this subsection, for purposes of this section the date of publication for a county shall be the date the county publishes the notice that it has adopted the comprehensive plan or development regulations, or amendment thereto.

(Emphasis added.)

### A. WHETHER OCC 17A.350.030 AND RCW 36.32.330 ARE ANALOGOUS

The County argues that because BOCC's adoption of the comprehensive plan was

a legislative action, the 20-day appeal period under OCC 17A.350.030 and RCW

7

36.32.330 are analogous. OCC 17A.350.030 governs appeals "from any decision or order of the board of county commissioners." *See* RCW 36.32.330. Neither party disputes that the County's adoption of the comprehensive plan is a legislative action. In applying the "time allowed for appeal of a similar decision as prescribed by statute," the appeal period prescribed in OCC 17A.350.030 is analogous. *Brutsche*, 78 Wn. App. at 376.

However, MVCC also challenges the applicability of RCW 36.32.330 to land use decisions. MVCC relies on *State ex rel. Lyon v. Board of County Commissioners of Pierce County*[2] in which the Supreme Court reasoned:

> [R]elating to city, town, county, and regional planning, imposes duties upon the county commissioners distinct from their ordinary and usual duties and is a special statute for a special purpose; and the conclusion is inescapable that the general statute with reference to appeals from decisions of the board of county commissioners is inapplicable to the present case.

31 Wn.2d at 370-71. Further, we have previously held that "RCW 36.32.330 applies in situations where the Board is acting on its ordinary and usual duties. However, when it is acting distinct from those duties, under special statute, it does not apply." *Sterling v. Spokane County*, 31 Wn. App. 467, 469, 642 P.2d 1255 (1982).

Here, the County was acting pursuant to the PEA, which is outside of its ordinary and usual duties. Regardless, we are not tasked with determining what specific statute

---

[2] 31 Wn.2d 366, 196 P.2d 997 (1948).

directly applies to MVCC's appeal of the comprehensive plan. Rather, we must determine "a reasonable time" for filing a declaratory relief action "by analogy to the time allowed for appeal of a similar decision as prescribed by statute, rule of court, or other provision." *Brutsche*, 78 Wn. App. at 376.

MVCC argues that, as applied here, OCC 17A.350.030 is unconstitutional as it conflicts with state law. Article XI, section 11 of the Washington Constitution states that "[a]ny county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws." In order to determine if a local ordinance is in conflict with state law, the test is whether the ordinance permits that which state law forbids or vice versa. *City of Bellingham v. Schampera*, 57 Wn.2d 106, 111, 356 P.2d 292 (1960). "In establishing the constitutional invalidity of an ordinance, a heavy burden rests upon the party challenging its constitutionality." *HJS Dev., Inc. v. Dep't of Plan. & Land Servs.*, 148 Wn.2d 451, 477, 61 P.3d 1141 (2003).

MVCC argues that because OCC 17A.350.030 requires appeals of county land use decisions be filed in 20 days pursuant to RCW 36.32.330, it conflicts with state law because state law does not prohibit the filing of appeals of land use decisions after 20 days since RCW 36.32.330 does not apply to land use decisions. *Cathcart-Maltby-Clearview Cmty. Council v. Snohomish County*, 96 Wn.2d 201, 205, 634 P.2d 853 (1981).

9

The question before us is not whether any specific statute directly applies. Instead, the question before us is which appeal period is analogous for purposes of the UDJA. Accordingly, we need not determine the constitutionality of OCC 17A.350.030 or RCW 36.32.330 as neither the county code provision nor the statute is being directly applied. Additionally, we adhere to "the fundamental principle that if a case can be decided on nonconstitutional grounds, an appellate court should refrain from deciding constitutional issues." *Isla Verde Int'l Holdings, Inc. v. City of Camas*, 146 Wn.2d 740, 752, 49 P.3d 867 (2002), *abrogated on other grounds by Yim v. City of Seattle*, 194 Wn.2d 682, 451 P.3d 694 (2019).

The 20-day appeal period provided in OCC 17A.350.030 and RCW 36.32.330 is analogous as this is an appeal of a legislative action; albeit, one taken pursuant to the PEA. However, our inquiry does not end here. When there are two analogous appeal periods, the general rule is that the longer of the two should apply. *Brutsche*, 78 Wn. App. at 377. Thus, we must determine whether the GMA's 60-day appeal period is also analogous.

### B. WHETHER RCW 36.70A.290(2) IS ANALOGOUS

MVCC urges us to apply, by analogy, the GMA's 60-day statute of limitations prescribed in RCW 36.70A.290(2). The County responds that the GMA's publication requirement cannot be severed from its statute of limitations. According to the County, because the PEA does not require the County to publish notice of adoption of a

comprehensive plan, the GMA's statute of limitations is not analogous. The County further argues that the GMA's statute of limitations is not analogous because the County does not plan under the GMA and the legislature would have codified a 60-day appeal period had it intended one to apply to the PEA.

Although the County does not plan under the GMA, there is no dispute that this is an appeal of a comprehensive plan and that the GMA has a specific statute on point, RCW 36.70A.290(2). It follows that the GMA's 60-day statute of limitations would be the analogous appeals period because it is the "time allowed for appeal of a similar decision as prescribed by statute." *Brutsche*, 78 Wn. App. at 376. Again, this appeal is not about whether the GMA's statute of limitations directly applies, it is about whether it is an analogous appeal period.

The County also argues that the GMA's requirement that the adoption of a comprehensive plan be published renders it inapposite because the PEA has no such requirement. It is undisputed that, under the PEA, the County was not required to publish notice of the adoption of the comprehensive plan. This does not, however, render the GMA's statute of limitations inapplicable by analogy. Instead, we must decide what event, if any, triggered the commencement of the statute of limitations.

Like OCC 17A.350.030 and RCW 36.70A.290(2), the GMA's 60-day statute of limitations for appealing a comprehensive plan is also analogous. Because it is the longer of the analogous appeal periods, it applies here. *Brutsche*, 78 Wn. App. at 377.

11

C.  WHETHER THE COURT PROPERLY USED THE PUBLICATION OF A
LOCAL NEWSPAPER ARTICLE AS THE TRIGGERING EVENT UNDER
RCW 36.70A.290(2)

The County argues that even if the GMA's 60-day statute of limitation is the

analogous period for challenges to the PEA, the trial court erred when it used the

publication date of a local newspaper article as the event that triggered the

commencement of the statute of limitations.  MVCC responds that the trial court did not

err when it used the newspaper article publication date as it was the only notice that

MVCC had received that the BOCC adopted the comprehensive plan.

Unlike, the GMA and SEPA, both of which require that certain actions or adoption

of comprehensive plans or development regulations be published within a prescribed time

period,[3] in enacting the PEA, the legislature failed to include any notice requirements.

Chapter 36.70 RCW.  Under the maxim *expressio unius est exclusio alterius*, we presume

the legislature's omission was deliberate.

The County argues that, in the absence of a notice requirement, limitation periods

are strictly applied without exception and begin to run when the cause of action arises,

regardless of the plaintiff's knowledge of the right to sue.  The cases relied on by the

County to support its contentions are distinguishable from the facts before us.  *Huff v.*

---

[3] *See* RCW 36.70A.290(2)(b); RCW 43.21C.080.

*Roach*[4] and *Bennett v. Dalton*[5] dealt with legal malpractice and negligence, respectively, not issues related to comprehensive planning. Although *Montlake Community Club v. Central Puget Sound Growth Management Hearings Board*, 110 Wn. App. 731, 43 P.3d 57 (2002), concerned comprehensive planning, there, the Growth Management Hearings Board upheld a planning ordinance that did not amend or revise the comprehensive plan. We agreed, concluding that the enactment of the planning ordinance triggered the GMA's 60-day statute of limitation period because the ordinance did not modify the earlier comprehensive plan. *Id.* at 740.

Other cases cited by the County hold that in challenging a land use decision, the statute of limitations period generally begins to run upon adoption of a final decision. *See Save Our Scenic Area v. Skamania County*, 183 Wn.2d 455, 470, 352 P.3d 177 (2015); *Concerned Organized Women & People Opposed to Offensive Proposals, Inc. v. City of Arlington*, 69 Wn. App. 209, 218, 847 P.2d 963 (1993). Both *Save Our Scenic Area* and *Concerned Organized Women* are distinguishable from the record presented here. *In Save Our Scenic Area*, the Supreme Court relied on WAC 242-03-220(5) in concluding that the plaintiff's failure to act claim was timely under the GMA. The Supreme Court further held that the "unique facts presented in this case all point to the

---

[4] 125 Wn. App. 724, 732, 106 P.3d 268 (2005).
[5] 120 Wn. App. 74, 85, 84 P.3d 265 (2004).

conclusion that the 'unmapped' areas were not a final appealable regulation until 2012."

183 Wn.2d at 468. In reaching its decision, the High Court reasoned that the unmapped

areas served as placeholders, rather than a permanent designation (i.e. a final decision).

*Id*. at 469.

In *Concerned Organized Women*, the plaintiff argued the effective date of the

ordinance should trigger the 30-day appeal period. 69 Wn. App. at 218. We disagreed,

holding that the adoption of the rezone ordinance, rather than the effective date of the

ordinance, triggered the appeal period. *Id*. Unlike the facts presented here, in *Concerned*

*Organized Women*, the city council "heard testimony from various sources, including

members of Concerned Women" before it adopted the ordinance. *Id*. at 212. As the

court appropriately noted, the commencement date for the appeal period is the city

council's adoption of the ordinance since "[t]he council's decision is public and the

interested parties are usually present at the meeting at which the decision is made." *Id*. at

219.

Here, the record lacks any evidence of the BOCC providing advanced notice of its

intent to adopt the comprehensive plan, nor that the BOCC had subsequently published

notice that it had adopted the comprehensive plan. The County points to various dates

contained in environmental impact statements, but that does little to provide notice to the

public. In its supplemental briefing, the County directs us to a website containing the

"Commissioners' Meeting Agenda."[6] Per RAP 9.11, we decline to consider the supplemental evidence.[7]

The only notice contained in this record that the BOCC adopted the comprehensive plan was in a local newspaper article published on January 5, 2022. Consequently, the County has failed to show that, on the face of MVCC's petition, there exists an insuperable bar to relief. For purposes of the County's CR 12(b)(6) motion to dismiss, the local newspaper article triggered the 60-day statute of limitations period.[8]

The trial court did not err when it used the publication of a local newspaper article as the triggering event for commencement of the statute of limitations. MVCC filed its petition within 60 days from January 5, 2022. Accordingly, MVCC's petition was timely.

II. STANDING TO CHALLENGE THE COMPREHENSIVE PLAN

The County contends the trial court erred in finding that MVCC had standing to bring its petition. Washington applies a two-part test for determining whether an entity

---

[6] https://media.avcaptureall.cloud/meeting/0b1d66f5-9782-48bd-a855-ab3d9a69817c.

[7] *See King County v. Cent. Puget Sound Growth Mgmt. Hr'gs Bd.*, 142 Wn.2d 543, 549 n.6, 14 P.3d 133 (2000).

[8] We are not holding that the County must provide actual notice of adoption of a comprehensive plan to every person who might wish to appeal its adoption. Rather, governments must operate in the open. It would be sufficient if the County established it held regular public meetings and publicly posted its agenda in some consistent fashion prior to its meetings. In this manner, interested persons would know where and when to look for the posted agenda.

15

has standing to challenge a SEPA determination: "(1) The interest that the party is seeking to protect must be 'arguably within the zone of interests to be protected or regulated' by SEPA; and (2) the party must allege an 'injury in fact,' *i.e.*, that he or she will be 'specifically and perceptibly harmed' by the proposed action." *Anderson v. Pierce County*, 86 Wn. App. 290, 299, 936 P.2d 432 (1997) (quoting *Trepainer v. City of Everett*, 64 Wn App. 380, 382, 824 P.2d 524 (1992)).

The first item, not at issue here, "is easily met in environmental suits because of the abundance of laws affecting use of our natural resources." *Save a Valuable Env't v. City of Bothel*, 89 Wn.2d 862, 866, 576 P.2d 401 (1978).

The second item, injury in fact, is more challenging for an environmental group to show. *Id.* "The pleadings and proof are insufficient if they merely reveal imagined circumstances in which the plaintiff could be affected." *Snohomish County Prop. Rts. All. v. Snohomish County*, 76 Wn. App. 44, 53, 882 P.2d 807 (1994). "[W]hen a person alleges threatened injury, as opposed to existing injury, he or she must show immediate, concrete, and specific injury to him or herself; if the injury is merely conjectural or hypothetical, there can be no standing." *Id.*; *see also Anderson*, 86 Wn. App. at 299. One who threatens alleged injury in fact must allege facts sufficient to show it will be adversely affected by the County's supposed failure to comply with SEPA. *Id.* at 52. However, "'[a] party need not show a particular level of injury in order to establish

standing.'"" *Chelan County v. Nykreim*, 146 Wn.2d 904, 935, 52 P.3d 1 (2002) (quoting

*Suquamish Indian Tribe v. Kitsap County*, 92 Wn. App. 816, 832, 965 P.2d 636 (1998)).

A comprehensive plan is "the generalized coordinated land use policy statement

adopted by a jurisdiction which will be used to guide its land use decisions well into the

future." *Town of Woodway v. Snohomish County*, 172 Wn. App. 643, 653 n.13, 291 P.3d

278 (2013); *see* RCW 36.70.320-.360. A comprehensive plan has been described as a

"blueprint" or "guide" for future development. *Id.*

The County argues that MVCC's claimed injuries due to the adoption of the

comprehensive plan are too speculative and premature to satisfy the injury in fact

requirement for standing. The County points to the declarations alleging harm predating

the adoption of the comprehensive plan and the fact that the comprehensive plan does not

actually approve any development or project.

In response, MVCC cites *Anderson* and *Five Corners Family Farmers v. Dep't of

Ecology*[9] to support its position that it has standing based on its allegations of future

environmental harm. In both cases, the court held that the appealing organizations had

standing. However, both cases involved challenges to specific projects. *Anderson*

involved a challenge to Pierce County's issuance of a mitigated determination of

nonsignificance and conditional use permit. 86 Wn. App. at 295-98. *Five Corners*

_____

[9] 173 Wn.2d 296, 268 P.3d 892 (2011).

involved a challenge to a stock-watering exemption and sought to enjoin the operator of a cattle feedlot from using groundwater without a permit. 173 Wn. App. at 301-02.

Here, MVCC sufficiently alleged adoption of the comprehensive plan, which authorizes future development, will threaten further injury. Although the declarations that MVCC relies on predate the adoption of the comprehensive plan, we may consider hypothetical facts that support MVCC's claims. *See Alim*, 14 Wn. App. 2d at 851. The facts alleged by MVCC, which we presume to be true, sufficiently establish a threatened injury. The record shows that members of MVCC currently suffer interrupted water supplies and will be even more adversely affected by the BOCC's adoption of the comprehensive plan. Specifically, the declarations and reports described instances of interrupted and depleted water supplies in the Methow watershed and the Okanogan watershed caused by existing development and environmental factors. The Department of Ecology reports, "Demands of new water use reduce[s] water legally available for existing, senior water rights including instream flows." CP at 357. Certainly, the prospect of continued development, coupled with the alleged water shortage, sufficiently establishes an immediate, concrete, and specific harm.

MVCC has alleged a threatened injury sufficient to constitute an immediate, concrete, and specific injury for purposes of establishing standing to challenge the County's adoption of the comprehensive plan.

CONCLUSION

The GMA's 60-day statute of limitations applies by analogy to challenges to the PEA. Based on the record before us, public notice of the BOCC's adoption of the comprehensive plan was provided through a local newspaper article published on January 5, 2022. Lastly, MVCC presented a sufficient facts basis to support an injury in fact for purposes of having standing to challenge the County's adoption of the comprehensive plan.

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

WE CONCUR:

Fearing, C.J.

Lawrence-Berrey, J.

19