154

SCHREINER FARMS, INC., *Appellant*, v. AMERICAN TOWER, INC., ET AL., *Respondents*.

*Michael F. Cressey* (of *Workland & Witherspoon PLLC*), for appellant.

156

*Raymond F. Clary* (of *Etter McMahon Lamberson Clary & Oreskovi*); and *Robert C. Tenney* and *Mark D. Watson* (of *Meyer, Fluegge & Tenney PS*), for respondents.

¶1 BROWN, J. — Schreiner Farms Inc. appeals summary dismissal of its declaratory judgment suit against American Tower Inc., Tower Asset Sub Inc., SpectraSite Communications Inc., Nextel West Corp., and Washington Oregon Wireless LLC (collectively Respondents). Schreiner mainly contends the Klickitat County Superior Court erred in deciding its breach of lease claims were time barred and refusing to extend by analogy the discovery rule recognized in *1000 Virginia Ltd. Partnership v. Vertecs Corp.*, 158 Wn.2d 566, 146 P.3d 423 (2006). Schreiner additionally contends the court erred in rejecting its continuing breach and fraudulent concealment contentions. We reject Schreiner's contentions. Because they were not issues raised below, we do not reach Schreiner's contentions concerning cure and equitable estoppel. Finally, because we uphold summary dismissal of Schreiner's suit as time barred, we do not reach Respondents' joint cross appeal raising alternative grounds to affirm. Accordingly, we affirm.

## FACTS

¶2 In 1999, Schreiner leased a portion of its Klickitat County property to Nextel so it could develop a cellular service site there. On January 10, 2000, Nextel assigned the lease to Tower Asset Sub, doing business as SpectraSite. Nextel notified Schreiner of the assignment on January 20. SpectraSite reminded Schreiner of the assignment and

provided it with contact information on February 14. On March 3, SpectraSite sought Schreiner's consent to sublease or license the premises to Washington Oregon Wireless. Schreiner consented on March 10, and SpectraSite subleased the premises to Washington Oregon Wireless on April 19. SpectraSite merged with American Tower in 2005.

¶3 On October 5, 2007, Schreiner sued for a declaratory judgment, alleging Nextel defaulted by assigning the lease to Tower Asset Sub; Tower Asset Sub, SpectraSite, and American Tower each defaulted by subleasing the premises to Washington Oregon Wireless; Washington Oregon Wireless defaulted by using the premises without authorization; and Tower Asset Sub, SpectraSite, American Tower, and Washington Oregon Wireless each defaulted by violating permit requirements.

¶4 Respondents moved for summary judgment; the trial court dismissed Schreiner's claim regarding violations of permit requirements but concluded Schreiner's discovery rule and fraudulent concealment arguments raised genuine issues of material fact on the timeliness of its remaining claims. Respondents successfully requested reconsideration, reiterating that Schreiner's declaratory judgment suit was untimely because the discovery rule did not apply and fraudulent concealment was not pleaded. Schreiner moved unsuccessfully for reconsideration and then appealed the final order granting complete summary dismissal. Respondents cross appealed the earlier order granting partial summary dismissal.

## ANALYSIS

### A. Preservation of Issues

¶5 The issue is whether Schreiner's failure to cure, equitable estoppel, and continuing breach contentions are reviewable. Respondents contend we should not consider Schreiner's contentions because it did not properly raise the

first two below and it raised the third solely on the second motion for reconsideration.

■ ¶6 When reviewing a grant of summary judgment, we consider solely the issues and evidence the parties called to the trial court's attention on motion for summary judgment. RAP 9.12. However, "new issues may be raised for the first time in a motion for reconsideration, thereby preserving them for review, where . . . they are not dependent upon new facts and are closely related to and part of the original theory." *Nail v. Consol. Res. Health Care Fund I*, 155 Wn. App. 227, 232, 229 P.3d 885 (2010).

¶7 Schreiner raised its continuing breach contention solely on the second motion for reconsideration. This contention did not depend on new facts; it was closely related to and part of Schreiner's original discovery rule and fraudulent concealment theories because each primarily concerned the date of accrual. Thus, Schreiner's continuing breach contention is properly before us for review. RAP 9.12. But Schreiner did not raise its failure to cure or equitable estoppel contentions at the trial court. While Schreiner suggests it raised the failure to cure contention on the second motion for reconsideration, it merely summarized a lease term to explain its case strategy. We are likewise unconvinced Schreiner raised the equitable estoppel contention on the first motion for summary judgment. Thus, Schreiner's failure to cure and equitable estoppel contentions are not properly before us for review. RAP 9.12.

## B. Discovery Rule Extension

¶8 The issue is whether the court erred in rejecting Schreiner's discovery rule arguments and summarily dismissing its declaratory judgment suit as time barred. Schreiner contends the discovery rule should be extended by analogy to expand the time allowed for it to bring suit.

¶9 We review a grant of summary judgment de novo, engaging in the same inquiry as the trial court. *Auto.*

*United Trades Org. v. State*, 175 Wn.2d 537, 541, 286 P.3d 377 (2012). Summary judgment is proper if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." CR 56(c). "A genuine issue of material fact exists when reasonable minds could differ on the facts controlling the outcome of the litigation." *Dowler v. Clover Park Sch. Dist. No. 400*, 172 Wn.2d 471, 484, 258 P.3d 676 (2011). The court must construe "all facts and reasonable inferences . . . in the light most favorable to the nonmoving party." *Id.*

¶10 Declaratory judgment actions are governed by the Uniform Declaratory Judgments Act (UDJA), chapter 7.24 RCW. The UDJA provides that "[a] person interested under a . . . written contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder." RCW 7.24.020. Further, "[a] contract may be construed either before or after there has been a breach thereof." RCW 7.24.030. The UDJA "is to be liberally construed and administered" in order "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." RCW 7.24.120.

¶11 "The UDJA does not have an explicit statute of limitations, but lawsuits under the UDJA must be brought within a 'reasonable time.' " *Auto. United*, 175 Wn.2d at 541-42 (quoting *Brutsche v. City of Kent*, 78 Wn. App. 370, 376-77, 898 P.2d 319 (1995)). " 'What constitutes a reasonable time is determined by analogy to the time allowed for . . . a similar [action] as prescribed by statute, rule of court, or other provision.' " *Cary v. Mason County*, 132 Wn. App. 495, 501, 132 P.3d 157 (2006) (emphasis omitted) (internal quotation marks omitted) (quoting *Brutsche*, 78 Wn. App. at 376-77). The "right to declaratory relief should be barred when [the] right to coercive relief is barred." *City of Federal Way v. King County*, 62 Wn. App. 530, 537, 815 P.2d 790 (1991) (citing 15 Lewis H. Orland & Karl B. Tegland,

Washington Practice: Trial Practice: Civil § 613 (4th ed. 1986)).

■■■ ¶12 A claim arising from a written contract must, under the applicable statute of limitations, be brought within six years of the date the cause of action accrues. RCW 4.16.005, .040(1). "Usually, a cause of action accrues when the party has the right to apply to a court for relief." *1000 Virginia*, 158 Wn.2d at 575. Thus, a general breach of contract claim accrues on the date of the breach, not discovery of the breach. *Id.* at 576-78 (relying on *Taylor v. Puget Sound Power & Light Co.*, 64 Wn.2d 534, 392 P.2d 802 (1964)).

■■■ ¶13 However, "[u]nder the discovery rule, a cause of action does not accrue — and as a result the statute of limitations does not begin to run — until the plaintiff knows, or has reason to know, the factual basis for the cause of action." *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 79-80, 847 P.2d 440 (1993). Our Supreme Court has warned this court lacks authority to extend the discovery rule to general breach of contract claims. *1000 Virginia*, 158 Wn.2d at 578; *see also Kinney v. Cook*, 150 Wn. App. 187, 208 P.3d 1 (2009) (this division declining to do so). Thus, we lack authority to extend the discovery rule by analogy to a declaratory judgment action sounding in a general breach of contract claim. *See 1000 Virginia*, 158 Wn.2d at 578; *cf. Reid v. Dalton*, 124 Wn. App. 113, 122, 100 P.3d 349 (2004) ("Filing an action for declaratory judgment, rather than one for direct relief, did not avoid the statute of limitation.").

¶14 Considering all, we decline to extend the discovery rule to allow additional time for Schreiner to bring its declaratory judgment action. Respondents' alleged defaults began with the assignment of January 10, 2000 and the sublease of April 19, 2000. Schreiner sued on October 5, 2007, after the analogous six-year statute of limitations for claims on written contracts had run. Schreiner did not bring its suit within a reasonable time; its suit is therefore time barred. No genuine issue as to any material fact

remains, and Respondents are entitled to judgment as a matter of law. The trial court did not err in rejecting Schreiner's discovery rule arguments and summarily dismissing its declaratory judgment suit on this ground.

## C. Continuing Breach

¶15  The issue is whether the trial court erred in rejecting Schreiner's continuing breach argument and summarily dismissing its declaratory judgment suit as time barred. Schreiner contends Respondents' continuing breaches extended the time allowed for it to bring its suit and a genuine issue of material fact remains as to when it learned of Respondents' defaults. Our CR 56(c) standard of review is unchanged.

¶16  A "continuing breach" is "[a] breach of contract that endures for a considerable time or is repeated at short intervals." BLACK'S LAW DICTIONARY 213 (9th ed. 2009). No Washington case recognizes a continuing breach as extending the time allowed to bring a suit sounding in contract. Instead, persuasive authority suggests Washington law holds the opposite. *See Ford v. Int'l Harvester Co.*, 399 F.2d 749 (9th Cir. 1968), *cited in* 25 DAVID K. DEWOLF, KELLER W. ALLEN & DARLENE BARRIER CARUSO, WASHINGTON PRACTICE: CONTRACT LAW AND PRACTICE § 16:20, at 408 n.12 (2d ed. 2007). In *Ford,* the plaintiffs sued for breach of an oral exclusive dealership agreement four years after the breach began, arguing their claim was not time barred because the contract imposed a "continuing obligation" the defendants "continually breached" so long as they kept operating. 399 F.2d at 751. The plaintiffs thus requested compensation for damages arising during the three-year statute of limitations period leading up to the date they sued. *Id.* The court declined relief, holding the plaintiffs' claim was time barred under Washington law because it accrued on the date the breach began and subsequent damages were not severable from it. *Id.* at 752. The court thus reasoned Washington

cases did not support the plaintiffs' continuing breach argument. *Id.*

¶17 Likewise, the authority Schreiner cites does not support its continuing breach argument. Schreiner relies on this division's opinion in *James S. Black & Co. v. F.W. Woolworth Co.*, 14 Wn. App. 602, 544 P.2d 112 (1975). In *Black*, the landlord sued for breach of a covenant to make repairs,[1] claiming damages incurred over the course of the 50-year commercial lease. *Id.* at 603, 610. The tenant argued the landlord was time barred from claiming damages incurred beyond the six-year statute of limitations period leading up to the date of lease termination. *Id.* at 610. The court disagreed, concluding that " 'a covenant to make repairs is not breached until the expiration of the term.' " *Id.* (quoting *Nelson v. City of Seattle*, 180 Wash. 1, 33, 38 P.2d 1034 (1934)). The court thus reasoned a landlord may elect to sue for breach of a covenant to make repairs either "as soon as the premises become out of repair" or "until [six years] after the expiration of the term." *Id.*

¶18 *Black* does not apply here because Schreiner does not allege Respondents breached a covenant to make repairs, but rather defaulted under other lease provisions regarding assignment, sublease, authorized use, and legal compliance. While breach of a covenant to make repairs does not occur until lease termination, default under these other lease provisions occurred as soon as Respondents first committed the alleged acts. Thus, the timeliness of Schreiner's declaratory judgment suit is still measured from the date the alleged breaches began.

¶19 Under the persuasive authority set forth above, Respondents' alleged continuing breaches did not extend the time allowed for Schreiner to bring its declaratory judgment action. Respondents' alleged defaults began with the assignment of January 10, 2000 and the sublease of

---

[1] Under this covenant, the tenant promised to commit no waste and keep the premises in substantially the same condition as received. *Black*, 14 Wn. App. at 603 n.1.

April 19, 2000. Schreiner sued on October 5, 2007, after the analogous six-year statute of limitations for claims on written contracts had run. Schreiner did not bring its suit within a reasonable time; its suit is therefore time barred. No genuine issue as to any material fact remains, and Respondents are entitled to judgment as a matter of law. The trial court did not err in rejecting Schreiner's continuing breach argument and summarily dismissing its declaratory judgment suit on this ground.

## D. Fraudulent Concealment

¶20 The issue is whether the trial court erred in rejecting Schreiner's fraudulent concealment argument and summarily dismissing its declaratory judgment action as time barred. Schreiner contends Respondents' fraudulent concealment of their breaches extended the time allowed for it to bring the suit and a genuine issue of material fact remains on whether Respondents prevented it from discovering the factual basis for its suit. Our standard of review remains the same.

¶21 A declaratory judgment action must be brought within a reasonable time, determined by analogy to the limitation period for a similar suit. *Auto. United*, 175 Wn.2d at 541-42; *Cary*, 132 Wn. App. at 501. If more than one analogous limitation period applies, the longer one should be used. *City of Federal Way*, 62 Wn. App. at 538-39 (quoting *Akada v. Park 12-01 Corp.*, 103 Wn.2d 717, 719, 695 P.2d 994 (1985)). The discovery rule applies to tort claims for fraud. RCW 4.16.080(4). Facts showing fraud must be alleged with particularity. CR 9(b). To establish fraudulent concealment, the plaintiff may either "affirmatively plead and prove the nine elements of fraud" or "simply show that the defendant breached an affirmative duty to disclose a material fact." *Crisman v. Crisman*, 85 Wn. App. 15, 21, 931 P.2d 163 (1997).

¶22 Schreiner alleged Tower Asset Sub and SpectraSite "disguised" the sublease as a license. Clerk's Papers (CP) at

6, 92. While this allegation vaguely asserts misrepresentation, it does not show fraudulent concealment because it fails to identify whether the arrangement's label is a material fact and whether Respondents had an affirmative duty to use a particular label. Further, Schreiner alleged it consented to the sublease "on the belief that" Washington Oregon Wireless was affiliated with Nextel. CP at 6, 92. This allegation does not show fraudulent concealment because it fails to assert any concealment occurred. Finally, it is instructive, though not dispositive, that Schreiner did not use the words "fraud" or "conceal" in its complaint. CP at 3-7, 89-94. Given all, we conclude Schreiner's declaratory judgment suit is not analogous to a tort claim for fraudulent concealment, but a general contract claim for alleged breaches beginning in 2000. Considering Schreiner sued more than six years later, it follows that Schreiner did not bring its action within a reasonable time. No genuine issue as to any material fact remains, and Respondents are entitled to judgment as a matter of law. The trial court did not err in rejecting Schreiner's fraudulent concealment argument and summarily dismissing its declaratory judgment suit on this ground.

## E. Cross Appeal

¶23 Because we conclude Schreiner's declaratory judgment suit is time barred, we lack jurisdiction to reach the cross appeal. *See Brutsche*, 78 Wn. App. at 380 n.12. Further, the cross appeal's challenges to the earlier order granting partial summary dismissal are moot. *See Wickswat v. Safeco Ins. Co.*, 78 Wn. App. 958, 966 n.3, 904 P.2d 767 (1995).

## F. Costs on Appeal

¶24 We grant Respondents' request for costs on appeal as the substantially prevailing party under RAP 14.2.

¶25 Affirmed.

SIDDOWAY, A.C.J., and SWEENEY, J., concur.