# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Marriage of: | No. 47512-0-II |
| CHRISTINA M. RODERICK, | |
| Respondent, | |
| and | UNPUBLISHED OPINION |
| BRIAN P. RODERICK, | |
| Appellant. | |

MELNICK, J. — Brian P. Roderick appeals the trial court's parenting plan, limiting his visitation with the parties' oldest daughter, and the dissolution orders awarding his former wife, Christina M. Roderick, child support and maintenance. Brian[1] contends substantial evidence does not support the trial court's findings of fact which led to visitation restrictions in the parenting plan and the trial court abused its discretion in calculating the parties' net incomes and assessing Christina's need for maintenance. We disagree and affirm the trial court.

## FACTS

The parties were married on November 21, 1998 and separated on June 13, 2013. They have four children. Temporary orders granted primary custody to Christina and every other weekend plus two mid-week visits to Brian. The parties were self-represented at the dissolution trial.

---

[1] We use first names to avoid confusion; no disrespect is intended.

At trial, Christina testified that she was a stay-at-home parent for most of the marriage. However, she had an associate's degree and post-separation worked as a para-educator for a local school district, working 23 hours per week at $14.66 per hour. Christina planned to return to college to earn her teaching certificate and anticipated she would need two years.

Brian worked primarily for mortgage companies and insurance agencies during the marriage. At the time of trial, Colonial Life employed Brian as a district manager and paid him solely on commission. When asked about his net monthly income, Brian agreed it was $2,600. The court asked, "Do you have any reason to dispute that amount?" Report of Proceedings (RP) (Feb. 19, 2015) at 77. Brian replied, "I don't." RP (Feb. 19, 2015) at 77.

Christina testified Brian had a history of emotionally and physically abusing the children. When asked to clarify, Christina testified that Brian subjected the children to "really bad name calling, putdowns." RP (Feb. 19, 2015) at 17. She further described an incident where Brian pushed their oldest daughter who scraped her foot on an ironing board leg. Christina testified that Child Protective Services (CPS) began an investigation after the parties separated, but closed the investigation because Brian was no longer living in the home. Soon after the pushing incident, the parties' oldest daughter refused to visit Brian except on Christmas and Father's Day. The daughter began seeing a counselor. Christina testified that Brian declined to participate in counseling with their daughter. During trial, Brian objected to being required to attend counseling but ultimately agreed to participate.

Based on a finding that Brian's net monthly income was $2,600 and Christina's net monthly income was $650, the trial court ordered Brian to make a monthly transfer payment of $1,123.20 to Christina for child support. The trial court further ordered Brian to pay $850 per month in spousal maintenance for two years based on Christina's need for education and the

marriage's length. In the parenting plan, the trial court ordered the children to reside primarily with Christina except every other weekend and on Tuesday evenings when they would reside with Brian. The trial court limited Brian's residential time by not including their oldest daughter in the visitations "until [Brian] engages in counseling as defined in 3.13[2], unless she so chooses." Clerk's Papers (CP) at 85. This limitation was based on the trial court's finding of "Physical, sexual or a pattern of emotional abuse of a child." CP at 81.

Brian moved for reconsideration, asking the trial court to lift the residential restriction based on a letter he provided from the children's counselor and asking the court to impute income to Christina and recalculate his child support obligation. The trial court denied his motion. Brian appeals.

## ANALYSIS

I.    STANDARD OF REVIEW

In matters affecting the welfare of children, such as parenting plans, the trial court has broad discretion, and we review its decisions only for abuse of discretion. *In re Marriage of Kovacs*, 121 Wn.2d 795, 801, 854 P.2d 629 (1993). "[D]iscretion is abused when it is exercised on untenable grounds or for untenable reasons." *In re Marriage of Neumiller*, 183 Wn. App. 914, 920, 335 P.3d 1019 (2014).

---

[2] Section 3.13 of the Parenting Plan states, "[Brian] is ordered to engage in counseling with [their oldest daughter]. The scope of the counseling is to be determined by the counselor. The respondent is responsible for the payment of counseling when not covered by insurance." CP at 86.

II.    RESTRICTION IN PARENTING PLAN

Brian challenges the final parenting plan on the ground the trial court erred when it restricted his residential time with his oldest daughter based on RCW 26.09.191(1)(b) after finding he had engaged in physical, sexual, or a pattern of emotional abuse. He contends substantial evidence does not support the trial court's abuse finding.

We will uphold the trial court's findings if substantial evidence supports them. *In re the Marriage of McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993). Specifically, a finding under RCW 26.09.191(1)(b) must be supported by substantial evidence that there has been physical, sexual, or a pattern of emotional abuse. *See In re Marriage of Watson*, 132 Wn. App. 222, 233, 130 P.3d 915 (2006) (referring to RCW 26.09.191(3)). Substantial evidence is evidence sufficient to persuade a fair-minded rational person of the truth of the declared premise. *Bering v. SHARE*, 106 Wn.2d 212, 220, 721 P.2d 918 (1986). We review the record in the light most favorable to the party in whose favor the findings were entered when determining whether substantial evidence supports the trial court's finding of fact on the value of an asset. *In re Marriage of Gillespie*, 89 Wn. App. 390, 404, 948 P.2d 1338 (1997).

As an initial matter, Brian alleges the trial court was required to enter specific findings of fact before imposing restrictions. Here, in the parenting plan, the trial court specifically found there was "[p]hysical, sexual or a pattern of emotional abuse of a child" to warrant limiting Brian's residential time. CP at 81. Brian fails to cite legal authority to support his argument that this finding alone is insufficient. Moreover, the statute governing residential restrictions does not require additional findings. RCW 26.09.191. Therefore, the trial court's finding is sufficient to warrant a restriction. The issue, then, is whether substantial evidence supports the finding.

4

Here, Christina testified that Brian had a history of emotionally and physically abusing the children. She specified that Brian subjected the children to "really bad name calling, putdowns." RP (Feb. 19, 2015) at 17. She further described an incident where Brian pushed their oldest daughter and she scraped her foot on an ironing board leg. CPS was contacted. Christina notified the trial court that the same daughter refused to go for visits with her father except on Christmas and Father's Day.

Based on the above, substantial evidence supported the trial court's finding of physical abuse or a pattern of emotional abuse to support the restriction. In his motion for reconsideration, Brian submitted a counselor's letter who, after reviewing the notes of the children's counselor, indicated allegations of abuse were not present. However, we leave credibility determinations and the weighing of evidence to the trial court. *In re Marriage of Zier*, 136 Wn. App. 40, 48, 147 P.3d 624 (2006); *In re Marriage of Rostrom*, 184 Wn. App. 744, 750, 339 P.3d 185 (2014). "So long as substantial evidence supports the finding, it does not matter that other evidence may contradict it." *In re Marriage of Burrill*, 113 Wn. App. 863, 868, 56 P.3d 993 (2002).

II.    INCOME CALCULATIONS

Brian next argues the trial court erred in calculating both his and Christina's net incomes. Specifically, he alleges the court failed to impute income for Christina and calculated his income too high.

We review an order of child support, including the decision whether to impute income, for an abuse of discretion. *In re Marriage of Pollard*, 99 Wn. App. 48, 52, 991 P.2d 1201 (2000).

The party challenging a child support order must establish that the decision was based on untenable or manifestly unreasonable grounds. *In re Marriage of Curran*, 26 Wn. App. 108, 110, 611 P.2d 1350 (1980). Child support obligations are based on the combined monthly income of both parents. *Pollard*, 99 Wn. App. at 52.

A.     Christina's Income

Under RCW 26.19.071(6), the court must impute income to a parent who is voluntarily underemployed to prevent the parent from avoiding child support obligations. *In re Marriage of Didier*, 134 Wn. App. 490, 496, 140 P.3d 607 (2006). The court determines whether a parent is voluntarily underemployed based upon the parent's "work history, education, health, and age, or any other relevant factors." RCW 26.19.071(6).

As a threshold matter, Christina argues this issue was not raised below and, therefore, may not be addressed on appeal. Brian, however, raised the issue in his motion for reconsideration which is sufficient to preserve the issue for our consideration. *See Schreiner Farms, Inc. v. Am. Tower, Inc.*, 173 Wn. App. 154, 158, 293 P.3d 407 (2013) ("'new issues may be raised for the first time in a motion for reconsideration, thereby preserving them for review'" (quoting *Nail v. Consol. Res. Health Care Fund I*, 155 Wn. App. 227, 232, 229 P.3d 885 (2010)).

Christina was primarily a stay-at-home parent during the parties' 15-year marriage. At the time of trial, she worked part time for a school district and wanted to work full time but needed another 2 years of school to obtain a teaching certificate. Our record does not demonstrate that Christina has foregone any employment opportunities or sought to limit her hours of work.

The trial court is required to impute income under RCW 26.19.071(6) only when a parent is voluntarily underemployed to prevent the parent from avoiding child support obligations. Based on Christina's work history, education, and desire to work full time, the record is devoid of

evidence she was underemployed. Moreover, her anticipated return to college is an "other relevant factor" under RCW 26.19.071(6). Thus, the court did not abuse its discretion when it declined to impute income to Christina.

B.    Brian's Income

Brian next argues the trial court erred in calculating his income for child support purposes. RCW 26.19.071 sets forth the standards for determining income for purposes of calculating child support. It includes what is to be included in calculating a party's gross income (such as salary and commissions) and what is to be deducted in calculating a party's net income (such as federal income tax and pension contributions).

The trial court took into consideration that Brian's income is solely based on commission. The trial court looked at his tax returns, showing his income and deductions. The trial court also looked at the income used on the parties' temporary orders and calculated his net monthly income at $2,600. The trial court then asked Brian, "Do you have any reason to dispute that amount?" RP (Feb. 19, 2015) at 77. Brian replied, "I don't." RP (Feb. 19, 2015) at 77. Given the financial documents in the record and Brian's acquiescence to his net income, the trial court did not abuse its discretion in calculating his net monthly income at $2,600.

III.    SPOUSAL MAINTENANCE

Brian lastly argues the trial court abused its discretion in awarding Christina spousal maintenance. The trial court has broad discretionary powers in awarding maintenance, and its decision "will not be overturned on appeal absent a showing of manifest abuse of discretion." *In re Marriage of Washburn*, 101 Wn.2d 168, 179, 677 P.2d 152 (1984).

7

Spousal support is governed by RCW 26.09.090, which provides that a court "may" grant a maintenance order for either spouse "in such amounts and for such periods of time as the court deems just, without regard to misconduct, after considering all relevant factors." The statute identifies a non-exclusive list of factors that includes,"[t]he financial resources of the party seeking maintenance, including separate or community property apportioned to him or her," the time it would take to acquire education or training to enable that party to find appropriate employment, the standard of living established during the marriage, the duration of the marriage, the age, physical and emotional condition, and financial obligations of the spouse seeking maintenance, and the ability of the other spouse to meet his or her needs while meeting those of the spouse seeking maintenance. RCW 26.09.090.

In this case, the parties were married for over 15 years. Christina was a stay-at-home parent who primarily cared for the parties' four children. She has an associate's degree but needs two more years of education to obtain a teaching certificate to advance her career and increase her earning potential. Brian has a history of being the financial provider for the family and continued to have the means to pay maintenance. In looking at the parties' economic situations post dissolution, $850 per month for two years is just. *See In re Marriage of Bulicek*, 59 Wn. App. 630, 633, 800 P.2d 394 (1990) (in light of relevant factors, a maintenance award must be just). Accordingly, the trial court did not manifestly abuse its discretion in awarding spousal maintenance to Christina in the amount of $850 per month for two years.

Based on the above, the trial court did not abuse its discretion in imposing a residential restriction, calculating the child support amount, or awarding spousal maintenance to Christina.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Lee, J.