IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SOMYOT LAOCHUMNANVANIT and ARUNEE CHARLERMPRADIT, husband and wife, | ) ) ) | No. 79075-7-I |
| | ) | DIVISION ONE |
| Appellants, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| CLEAR CHANNEL OUTDOOR, INC., a Delaware corporation, | ) ) ) | |
| Respondent. | ) ) | FILED: March 18, 2019 |
| | ) | |

ANDRUS, J. — Somyot Laochumnanvanit and Arunee Charlermpradit appeal the dismissal of their breach of lease claims against Clear Channel. Because the claims are barred by the statute of limitations, we affirm.

## FACTS

In 1999, Clyde and Pauline Soha and AK Media Group entered into a 25-year lease (the Lease), allowing AK Media to erect a billboard sign on the Sohas' property in Vancouver, Washington (the Property). AK Media agreed to pay the Sohas $733 annually for the duration of the Lease. Clear Channel acquired AK Media Group and, in 2002, converted the single-faced billboard into a multi-faced electronic sign.

In 2004, the Sohas sold the Property to Laochumnanvanit and Charlermpradit (hereinafter "the Owners"). The Owners were unaware of the

Lease when they purchased the Property and, in 2005, sued Clear Channel challenging its validity, a lawsuit they lost. The Owners rejected Clear Channel's tender of annual rent from August 1, 2004, to July 31, 2015.

The parties amended the Lease in 2015, retroactive to August 2014. The parties agreed to a rent increase of $1,500 per year with another increase in 2019. Clear Channel also agreed to pay the Owners $3,000 "as repayment and payment . . . for the period of August 1, 2014, through July 31, 2016." The recitals to the 2015 amendment stated that Clear Channel had timely tendered the rent from 2004 to 2015, but the Owners had not accepted it. It also stated that Clear Channel had "in all respects, [been] compliant with the terms of the Lease."

In March 2017, the Owners filed suit in Clark County Superior Court, alleging Clear Channel breached the Lease between 2002 and 2014. The Owners claimed the Lease did not contemplate the installation of a multi-faced sign because the City of Vancouver did not permit such signs in 2002 when the Lease was executed. The Owners sought what they alleged to be the fair market rental value for a multi-faced sign from 2002 to 2014. The Owners also asserted that Clear Channel breached its duty of good faith and fair dealing by failing to increase the rent by its own initiative when it modified the sign in 2002.

On March 30, 2017, Clear Channel filed a motion to dismiss under CR 12(b)(6). The trial court entered an order dismissing the Owner's complaint under CR 12(c) and CR 56 on July 5, 2017, but did not notify the parties of its decision. The Owners moved to vacate the July 5 order based on the lack of notice of its

entry. The trial court vacated the order and entered an identical one on August 25, 2017.

The Owners filed a motion for reconsideration asserting that under CR 12(c) and CR 56, it had been denied the opportunity to present evidence. On September 26, 2017, the trial court granted the motion for reconsideration, correcting the order to reflect a dismissal under CR 12(b)(6) rather than CR 56. The Owners appeal.

ANALYSIS

We review de novo a dismissal under CR 12(b)(6). Tenore v. AT&T Wireless Servs., 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998). Dismissal is only appropriate if it appears beyond doubt that the plaintiff cannot prove any set of facts to justify recovery. Id. On review, we presume the truth of the allegations but may consider hypothetical facts not included in the record. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014).

The Owners argue their lease claims are not barred by the statute of limitations. We disagree. Actions arising from a written contract must be commenced within six years of accrual. RCW 4.16.005, .040. A cause of action generally accrues when the party has the right to apply to a court for relief. Schreiner Farms, Inc. v. Am. Tower, Inc., 173 Wn. App. 154, 160, 293 P.3d 407 (2013). A breach of contract claim accrues on the date of the breach, not discovery of the breach. Id.

The Owners alleged Clear Channel breached the Lease by its unauthorized use of the premises for a multi-faced electronic sign. This use began in 2002. The Owners became aware of this allegedly unauthorized use shortly after April 2004 when they purchased the Property. The Owners' complaint makes it clear that they began rejecting lease payments from Clear Channel in 2004 because they considered Clear Channel's use of the property to be impermissible under the Lease. The Owners did not initiate this lawsuit until 2017. The claims are clearly time-barred.

The Owners contend they did not incur damage until August 2014 when it became clear to them that Clear Channel would not agree to pay additional rent for any period earlier than 2014. This argument lacks merit. The Owners knew they had incurred monetary loss the very first time they rejected rent from Clear Channel in 2004. The Owners' reliance on Gazija v. Nicholas Jerns Co., 86 Wn.2d 215, 543 P.2d 338 (1975) to argue that the discovery rule applies to their case is misplaced. Gazija involved a negligence claim, not a breach of contract claim. Id. at 216. The law regarding the accrual of tort and contract claims is significantly different. The discovery rule only applies to contract claims in which the plaintiff alleges the existence of latent construction defects. See 1000 Virginia Ltd. P'ship v. Vertecs Corp., 158 Wn.2d 566, 146 P.3d 423 (2006). There is no basis to extend the discovery rule to this case.

The Owners' claims are time-barred by the six-year statute of limitations. The trial court correctly dismissed the Owners' complaint and awarded fees to Clear Channel.

Clear Channel, as the substantially prevailing party, is entitled to recover its attorney fees and costs on appeal under the Lease and RAP 18.1.

Affirmed.

Andrus, J.

WE CONCUR:

Mann, A.C.J.