**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| RAYMOND MOSS, | No. 60721-2-II |
| Appellant, | |
| v. | |
| CLARK COUNTY TITLE, | UNPUBLISHED OPINION |
| Respondent. | |

GLASGOW, J.—The sale of Raymond Moss' property closed in March 2016. It is undisputed that in August 2017, Moss received notice that a U.S. Department of Housing and Urban Development (HUD) mortgage loan on the property remained outstanding. Over six years later, Moss filed a complaint against Clark County Title, who Moss had contracted with to provide escrow and closing services on the 2016 property sale. Clark County Title moved for summary judgment dismissal of all Moss' claims, arguing that the statutes of limitations had all expired. The trial court agreed and granted summary judgment. Moss appeals, arguing that the discovery rule applies and his claims are not barred by the statutes of limitation, he is entitled to equitable tolling of the statutes of limitation, or equitable estoppel requires reversal. We disagree and affirm.

FACTS

In 2016, Moss contracted with Clark County Title to provide escrow services to close on the sale of his property. At the time, Moss had a primary mortgage on the property as well as a HUD loan. The property sale closed on March 7, 2016. The proceeds of the sale totaling $324,980 were used to pay off the primary mortgage and associated closing costs. After paying off the

primary mortgage and associated closing costs, a negative balance of $3,418.47 remained and Moss had to provide additional funds to sell the property. The HUD loan was not discharged.

In August 2017, Moss received a notice from a debt collector stating that the HUD mortgage loan remained outstanding and Moss owed $63,615.78 plus fees and interest. Moss contacted an attorney who contacted Clark County Title about addressing the issue. As a result of the delinquent HUD loan, Moss claims to have suffered a negative impact on his credit score, resulting in high interest rate loans on an RV and vehicle purchase in 2017 and higher interest rates on credit cards opened in 2017. Garnishment of Moss' wages began in 2022.

On March 4, 2024, more than six years after he received notice from the debt collector that his HUD loan remained outstanding, Moss filed a complaint against Clark County Title for breach of contract, violation of the Consumer Protection Act, ch. 19.86 RCW and declaratory relief. Clark County Title moved for summary judgment dismissal of all Moss' claims, arguing that the statutes of limitations on all claims had expired.

Moss opposed the motion for summary judgment. Moss argued that the discovery rule applied to his breach of contract claim or, alternatively, the continuing violation doctrine extended the expiration of the statute of limitations. Moss contended that Clark County Title's failure to properly discharge the HUD loan was a continuing breach of contract. Moss also argued that the statute of limitations should be equitably tolled because Clark County Title's own actions prevented the timely discovery of the breach.

As to the Consumer Protection Act claim, Moss argued that the discovery rule applied to extend the statute of limitations. He contended he could not reasonably have learned that Clark County Title had failed to obtain a payoff for the HUD loan until 2017 and that the ongoing

2

garnishment of his wages further extended the limitations period under the continuing violation theory.

In his declaration, Moss stated that he received notice that the HUD loan was delinquent in August 2017 and immediately contacted an attorney who contacted Clark County Title. Moss recounted the various negative impacts the HUD loan had on his credit, including the imposition of higher interest rates when he purchased an RV and car and when he applied for credit cards in 2017, as well as garnishment of his wages.

The trial court granted Clark County Title's motion for summary judgment and dismissed all Moss' claims with prejudice. [1]

Moss appeals.

## ANALYSIS

Moss argues that the trial court erred by granting summary judgment. We disagree.

We review a trial court's dismissal on summary judgment de novo, performing the same inquiry as the trial court. *Mackey v. Home Depot USA, Inc.*, 12 Wn. App. 2d 557, 569, 459 P.3d 371 (2020). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). "'A material fact is one upon which the outcome of the litigation depends.'" *Mattingly v. Palmer Ridge Homes, LLC*, 157 Wn. App. 376, 387, 238 P.3d 505 (2010) (quoting *Balise v. Underwood*, 62 Wn.2d 195, 199, 381 P.2d 966 (1963)). A genuine issue of material fact exists

---

[1] Although Moss raised equitable estoppel in a motion for reconsideration, he ultimately struck his own motion.

where "reasonable minds could disagree on the facts controlling the outcome of the case." *Mackey*, 12 Wn. App. 2d at 569.

"When determining whether an issue of material fact exists," we "must construe all facts and inferences in favor of the nonmoving party." *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). On summary judgment, "a nonmoving party's declaration must be taken as true and can create a genuine issue of material fact even if it is 'self-serving.'" *Mackey*, 12 Wn. App. 2d at 575 (quoting *Reagan v. Newton*, 7 Wn. App. 2d 781, 806, 436 P.3d 411 (2019)).

I. STATUTES OF LIMITATIONS

Whether a case was filed within the statute of limitations period is a question of law which we also review de novo. *Cortez-Kloehn v. Morrison*, 162 Wn. App. 166, 172-73, 252 P.3d 909 (2011). The defendant bears the burden to prove that the statute of limitations bars a claim. *Kiona Park Ests. v. Dehls*, 18 Wn. App. 2d 328, 336, 491 P.3d 247 (2021). Statutes of limitations begin to run when a cause of action accrues. *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 575, 146 P.3d 423 (2006). A cause of action typically accrues "when the party has the right to apply to a court for relief." *Id*.

The statute of limitations for a breach of contract claim is six years. RCW 4.16.040. The statute of limitations for a violation of the Consumer Protection Act is four years. RCW 19.86.120. Moss filed his complaint alleging breach of contract and a consumer protection violation more than six years after Clark County Title failed to discharge the HUD loan with the proceeds of the sale of Moss' home.

It is undisputed that Moss received notice in August 2017 that the HUD loan had not been discharged. Moss himself states that upon receiving the August 2017 notice, he contacted a lawyer

who contacted Clark County Title. At that point, Moss knew, or should have known, the factual basis for his claims. But Moss did not file his breach of contract or Consumer Protection Act claims until March 4, 2024, at which point the six- and four-year statute of limitations had expired, even if the claims accrued in 2017.

Moss argues that the discovery rule applies to preserve both his breach of contract and Consumer Protection Act claims. Under the discovery rule, the statute of limitations for a claim begins to run when the plaintiff discovers—or, in the exercise of reasonable diligence, should have discovered—the facts giving rise to their claim. *Cawdrey v. Hanson Baker Ludlow Drumheller, P.S.*, 129 Wn. App. 810, 816, 120 P.3d 605 (2005); *Davis v. Davis Wright Tremaine, L.L.P.*, 103 Wn. App. 638, 655, 14 P.3d 146 (2000). The discovery rule applies to Consumer Protection Act claims. *Shepard v. Holmes*, 185 Wn. App. 730, 740, 345 P.3d 786 (2014). But the discovery rule has not been extended to general breach of contract claims.

The Washington Supreme Court "has consistently held that accrual of a contract action occurs on breach." *1000 Va. Ltd. P'ship*, 158 Wn.2d at 576. In *1000 Virginia Ltd. Partnership*, the Washington Supreme Court adopted the discovery rule in the limited context of "actions on construction contracts involving allegations of latent construction defects." *Id*. at 590. There, the Supreme Court warned that this court lacks authority to extend the discovery rule to general breach of contract claims. *Id*. at 578. And subsequent Court of Appeals cases have complied with this restriction. *See Kinney v. Cook*, 150 Wn. App. 187, 208 P.3d 1 (2009); *see also Schreiner Farms, Inc. v. Am. Tower, Inc.*, 173 Wn. App. 154, 160, 293 P.3d 407 (2013). We too conclude we cannot extend the discovery rule to Moss' general breach of contract claim.

Moss also argues his claims accrued upon the garnishment of his wages in 2021, and that the resulting "cascading financial harms" were ongoing. Br. of Appellant at 15-16. His argument lacks legal support. Again, his claim accrued in August 2017 when he admits he received notice that the HUD loan had not been discharged. The Washington Supreme Court has expressly held that the "[r]unning of the statute of limitations against the breach of contract . . . is not postponed by the fact that the actual or substantial damages did not occur until a later date." *Taylor v. Puget Sound Power & Light Co.*, 64 Wn.2d 534, 538, 392 P.2d 802 (1964). And Moss has not cited to any authority suggesting an ongoing financial harm extends the statute of limitations for a Consumer Protection Act claim. Instead, the general rule is that a "'cause of action accrues and the statute of limitations begins to run when a party has the right to apply to a court for relief.'" *Shepard v. Holmes*, 185 Wn. App. 730, 739, 345 P.3d 786 (2014) (quoting *O'Neil v. Est. of Murtha*, 89 Wn. App. 67, 69-70, 947 P.2d 1252 (1997)).

Even construing all facts and inferences in favor of Moss, reasonable minds could not differ on the fact that Moss' claims accrued no later than August 2017 when he received notice that the HUD loan remained outstanding. Accordingly, the statutes of limitations expired before Moss filed his lawsuit against Clark County Title.

## II. EQUITABLE CONSIDERATIONS

Moss also argues that the applicable limitation periods toll under the doctrines of equitable estoppel and equitable tolling. We disagree.

The gravamen of equitable estoppel is that the defendant made representations or promises to perform that lulled the plaintiff into delaying timely action. *Peterson v. Groves*, 111 Wn. App. 306, 311, 44 P.3d 894 (2002). "Equitable estoppel is not favored, and the party asserting estoppel

must prove each of its elements by clear, cogent, and convincing evidence." *Robinson v. City of Seattle*, 119 Wn.2d 34, 82, 830 P.2d 318 (1992). The elements to be proved are (1) "an admission, statement, or act inconsistent with a claim afterward asserted"; (2) "action by another in reasonable reliance on that act, statement, or admission"; and (3) "injury to the party who relied if the court allows the first party to contradict or repudiate the prior act, statement, or admission." *Id*.

Similarly, statutes of limitations may be tolled for equitable reasons when the circumstances show bad faith, deception, or false assurances by the defendant, and the exercise of due diligence by the claimant. *Campeau v. Yakima HMA, LLC*, 3 Wn. 3d 339, 346-47, 551 P.3d 1037 (2024). The party asserting that equitable tolling applies bears the burden of proof. *Price v. Gonzalez*, 4 Wn. App. 2d 67, 77, 419 P.3d 858 (2018). "Courts typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *Id*. at 76.

Neither equitable doctrine applies here. Moss fails to show that Clark County Title made representations or promises to perform that invited him to delay commencing his lawsuit. Moss contends that Clark County Title repeatedly represented that it would assist him in resolving the outstanding HUD loan, lulling him into believing a resolution was forthcoming. But the record does not support his contention. Moss references an internal email between Clark County Title employees. But an internal Clark County Title email cannot reasonably be considered an assurance to Moss of impending resolution. Moss fails to identify any other evidence of Clark County Title inducing Moss' delay in filing his claims. Nor does he establish any bad faith, deception or false assurances by Clark County Title. His equitable estoppel and equitable tolling arguments therefore fail.

### III. OTHER ISSUES

Moss also argues that genuine issues of material fact exist regarding the scope of Clark County Title's contractual duties and whether Clark County Title breached those duties. Because we hold that the statutes of limitations bar all Moss' claims, we need not reach these issues.

Additionally, our holding that the statutes of limitations bar all Moss' claims also disposes of his request for declaratory relief. As Moss acknowledges in his reply brief, his request for declaratory judgment is not a separate and independent claim from the untimely breach of contract claim, it is simply a different form of relief for the same underlying breach.

### ATTORNEY FEES

Clark County Title argues that it is entitled to an award of attorney fees on appeal based on its contract with Moss and RAP 18.1(a).

RAP 18.1(a) allows us to grant reasonable attorney fees if authorized by applicable law. "'Fees may be awarded as part of the cost of litigation when there is a contract, statute, or recognized ground in equity for awarding such fees.'" *Umpqua Bank v. Shasta Apts., LLC*, 194 Wn. App. 685, 699, 378 P.3d 585 (2016) (quoting *Thompson v. Lennox*, 151 Wn. App. 479, 491, 212 P.3d 597 (2009)). "'A contractual provision for an award of attorney[] fees at trial supports an award of attorney[] fees on appeal under RAP 18.1.'" *Id.* at 699-700 (internal quotation marks omitted) (quoting *Thompson*, 151 Wn. App. at 491).

The contract between Clark County Title and Moss provides:

> The parties jointly and severally agree to pay the closing agent's costs, expenses and reasonable attorney[] fees incurred in any lawsuit arising out of or in connection with the transaction or these instructions, whether such lawsuit is instituted by the closing agent, the parties, or any other person.

No. 60721-2-II

CP at 268. As Clark County Title is the prevailing party, we hold that they are entitled to reasonable attorney fees on appeal pursuant to its agreement with Moss.

CONCLUSION

We affirm and award Clark County Title reasonable attorney fees to be determined by a commissioner of this court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

MAXA, J.

PRICE, A.C.J.