## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| KIONA PARK ESTATES, a Washington non-profit corporation, | No.  54477-6-II |
| Respondent, | |
| v. | |
| AVERA LEE DEHLS and "JANE DOE" DEHLS, husband and wife; JACQUELINE DEHLS and "JOHN DOE" DEHLS, wife and husband, and JEFF SHELTON, as his separate estate, | PUBLISHED OPINION |
| Appellants. | |

SUTTON, J. — Avera Dehls appeals the superior court's judgment and order granting

summary judgment to the Kiona Park Estates Association (Association) to enforce a recorded lien

for Dehls's unpaid annual homeowners association (HOA) dues from 2002 to 2018.  This case

presents an issue of first impression: Which statute of limitations applies to an action to enforce a

HOA's lien where chapter 64.38 RCW, the governing chapter for HOAs, does not contain a

limitations period.

We hold that the applicable statute of limitations is six years under RCW 4.16.040 because

the governing documents are written agreements.  We further hold that each annual HOA dues

assessment is a discreet claim.  Accordingly, based on the six-year limitations period, the

Association is entitled to collect unpaid dues for Dehls for only the time period 2013 to 2018.

Thus, we hold that the superior court erred by granting the Association summary judgment for the

entire amount of unpaid dues from 2003 to 2018. We reverse the court's judgment and order granting summary judgment and we remand to the superior court to vacate the judgment and order and enter an amended judgment and order consistent with this opinion.

FACTS

I. BACKGROUND FACTS

The Association is a Washington non-profit corporation. It was formed to, among other things, collect dues and assessments from its membership and to enforce the covenants and restrictions in a development known as Kiona Park Estates.

The Association's governing documents are the original Declaration of Protective Covenants and Easements, the 1986 Restated Declaration of Protective Covenants and Easements (collectively "Declarations"), and the Articles of Incorporation; the Restated Declaration has been amended during the relevant time period.[1] Articles C and D of the Declarations grant authority to the Association to assess dues against each member of the Association for maintenance, and provide that any unpaid dues become a lien. The dues are required to be paid in January of each year. The dues amount was $150 per year in 2002, $200 per year from 2003 to 2017, and $250 per year beginning in 2018.

Section C(2)(a) of the Declarations states, in relevant part, "Any dues that remain unpaid for a period of ninety (90) days shall become a lien against the defaulting lot owner's property enforceable as any other real estate lien in the State of Washington." Clerk's Papers (CP) at 85,

---

[1] We consider a corporation's governing documents, including articles of incorporation and bylaws, "correlated documents" to be construed together as a whole. *Roats v. Blakely Island Maint. Comm'n, Inc.*, 169 Wn. App. 263, 274, 279 P.3d 943 (2012).

98, 115.  The Association's Articles of Incorporation state, "Delinquent dues and assessments will constitute a lien upon the parcel(s) of real property owned by the delinquent member of the corporation," consistent with the provisions of the Declarations.  CP at 133.  Article E, section 2 states that the "parties in interest" have the right to enforce the Declarations.  CP at 60, 72, 99-100.  Association bylaws adopted in 2001 and amended in 2017 also support the HOA's right and ability to assess an owner for dues and take enforcement action against an owner for unpaid dues in the form of a lien or collection.

Dehls purchased real property in the Kiona Park Estates development in 1989 and is a member of the Association.  Since 2001, Dehls has failed to make payments to the Association as required by the Declarations, and he became delinquent beginning in January 2002.  The Association filed and recorded liens against Dehls's property in 2003, 2006, and 2018.  The 2003 lien was for dues owed for 2002 and 2003.  The 2006 lien referred only to dues owed in 2004 and 2005, as well as attorney fees.  The 2018 lien aggregated all the dues Dehls owed beginning in 2002, stating that Dehls was "in arrears of annual membership dues and assessments, interest, and/or late charges in the amount of $10,041.67" plus attorney fees in the amount of $368.02, for a total owed of $10,409.69.  CP at 38.

## II. PROCEDURAL FACTS

The Association filed a complaint against Dehls in November 2018, seeking damages and foreclosure on all the past liens and past due balances. Dehls answered the complaint and asserted the affirmative defense of statute of limitations.

In June 2019, the Association filed a motion for summary judgment and argued that Dehls breached his duties under the Declarations.  In support of its motion, the Association filed

declarations from its attorney, treasurer, and president. The Association filed, among other documents, the Declarations in their current and past versions, the Articles of Incorporation, and the Association's ledger outlining the amounts Dehls owed plus interest accrued, for a total amount due of $7,101.00. Dehls opposed this motion and argued that the Association could not collect the past dues from 2002 because the Declarations are contracts and thus, the six-year statute of limitations under RCW 4.16.140 applied. The Association replied that it was not subject to a six-year statute of limitations because the Declarations and Articles of Incorporation were not "contracts," but were either more akin to an open account under RCW 4.16.150 or were subject to a ten-year statute of limitations under RCW 4.16.120.

The superior court granted the Association's motion for summary judgment. The court awarded the Association $7,101.00 for past dues, as well as $7,143.74 in attorney fees and $1,046.00 in costs. Dehls filed a motion for reconsideration, which the superior court denied.

Dehls appeals the superior court's judgment and order granting the Association's motion for summary judgment and denying Dehls's motion for reconsideration.

ANALYSIS

I. SUMMARY JUDGMENT

Dehls argues that the superior court erred by granting the Association's motion for summary judgment because the Declarations constitute a contract or written agreement, and thus, the six-year statute of limitations under RCW 4.16.140 applies, barring the Association's claim to enforce liens prior to 2013. We hold that the six-year statute of limitations in RCW 4.16.040 applies because the debt arose from the Declarations, which are written agreements. Thus, the

superior court erred by granting summary judgment in the Association's favor for dues owed for the period of 2002 to 2012.

A. LEGAL PRINCIPLES

1. Summary Judgment

We review summary judgment decisions de novo. *Zonnebloem, LLC v. Blue Bay Holdings, LLC*, 200 Wn. App. 178, 182, 401 P.3d 468 (2017). Summary judgment is appropriate where the pleadings, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56(c). Here, the materials facts are undisputed.

2. Governing Documents

A HOA's governing documents are interpreted in accordance with accepted rules of contract interpretation. *See Bangerter v. Hat Island Community Ass'n*, 14 Wn. App. 2d 718, 735, 472 P.3d 998 (2020); *see also* RCW 64.38.010(10). Contract interpretation is a question of law that we review de novo. *Dave Johnson Ins. v. Wright*, 167 Wn. App. 758, 769, 275 P.3d 339 (2012). "The purpose of contract interpretation is to determine the parties' intent." *Roats v. Blakely Island Maint. Comm'n, Inc.*, 169 Wn. App. 263, 274, 279 P.3d 943 (2012). Washington courts follow the context rule of contract interpretation, which allows a court, while viewing the contract as a whole, to consider extrinsic evidence to determine the parties' intent. *Roats*, 169 Wn. App. at 274. We consider a corporation's governing documents, including articles of incorporation and bylaws, "correlated documents" to be construed together as a whole. *Roats*, 169 Wn. App. at 274.

Contractual language generally must be given its ordinary, usual, and popular meaning. *Jensen v. Lake Jane Estates*, 165 Wn. App. 100, 105, 267 P.3d 435 (2011). "An interpretation of a contract that gives effect to all provisions is favored over an interpretation that renders a provision ineffective." *Snohomish County Pub. Transp. Benefit Area Corp. v. FirstGroup Am., Inc.*, 173 Wn.2d 829, 840, 271 P.3d 850 (2012). And "[w]here one construction would make a contract unreasonable, and another, equally consistent with its language, would make it reasonable, the latter more rational construction must prevail." *Byrne v. Ackerlund*, 108 Wn.2d 445, 453-54, 739 P.2d 1138 (1987). Here, the relevant governing documents are the Declarations as amended.

3. Restrictive Covenants

Dehls argues that the governing documents constitute a restrictive covenant. A "restrictive covenant" is an agreement or promise between two or more parties that limits permissible uses of land. *See Hollis v. Garwall, Inc.*, 137 Wn.2d 683, 690, 974 P.2d 836 (1999); RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 1.3, at 23 (AM. LAW INST. 2000). When the covenant "runs with the land," it burdens a particular parcel with the duty of complying with the restriction and benefits of a particular parcel with the right to enforce the restriction. *Deep Water Brewing, LLC v. Fairway Res. Ltd.*, 152 Wn. App. 229, 257-58, 215 P.3d 990 (2009); 17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: § 3.2 (2d ed. 2004). "The doctrine of 'running' is analogous to the contract doctrines of assignment of rights and delegation of duties; it is a doctrine whereby remote parties are bound or benefited by contractual covenants made by the original parties." 17 STOEBUCK & WEAVER, § 3.2, at 126.

Between the original parties to the covenant, enforcement is a matter of contract law. *Deep Water Brewing*, 152 Wn. App. at 257. If the covenant runs with the land, it may also be enforced by the original parties' successors in interest. *Deep Water Brewing*, 152 Wn. App. at 257-58.

4. Statute of Limitations and Accrual of an Action

A statute of limitations is designed to protect individuals and courts from stale claims. *Burns v. McClinton*, 135 Wn. App. 285, 293, 143 P.3d 630 (2006). As an affirmative defense, the statute of limitations is a matter on which the defendant bears the burden of proof. *See Haslund v. City of Seattle*, 86 Wn.2d 607, 620-21, 547 P.2d 1221 (1976). Where the underlying facts are not in dispute, whether a case was filed within the statute of limitations period is a question of law to be determined by a judge. *Goodman v. Goodman*, 128 Wn.2d 366, 373, 907 P.2d 290 (1995). We review questions of law de novo. *Filmore LLLP v. Unit Owners Ass'n of Centre Pointe Condominium*, 184 Wn.2d 170, 173, 355 P.3d 1128 (2015).

HOAs are governed by chapter 64.38 RCW. However, the legislature has imposed no statute of limitations to dictate actions arising out of this chapter. In contrast, the legislature imposed a three-year statute of limitations for actions arising out of the Condominium Act,[2] and later imposed a six-year statute of limitations for actions arising out of the Uniform Common Interest Ownership Act.[3] RCW 64.34.364(8); RCW 64.90.485(9).

RCW 4.16.040 states that "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement" has a six-year statute of limitations. "A cause of action generally accrues for purposes of the commencement of the statute of limitations when a party has

---

[2] Chapter 64.34.
[3] Chapter 64.90.

a right to apply to court for relief." *Bush v. Safeco Ins. Co. of Am.*, 23 Wn. App. 327, 329, 596 P.2d 1357 (1979).

B. ANALYSIS

It is undisputed that the Declarations are the governing HOA documents. Accordingly, the governing documents are interpreted via contract rules. *See Bangerter*, 14 Wn. App. 2d at 735; RCW 64.38.010(10). And the parties' intent was that members of the Association would pay dues in order to receive the benefit of certain maintenance and easements. *Roats*, 169 Wn. App. at 274. This is clear from the plain meaning of the contractual language. *Jensen*, 165 Wn. App. at 105. The Association, as the HOA, sued Dehls to enforce the Declarations, which are written agreements. Because this action arises out of a written agreement—the Declarations—RCW 4.16.040 applies, and the statute of limitations to enforce a HOA lien or unpaid HOA dues is six years.

The Association argues that RCW 4.16.020 applies. RCW 4.16.020 establishes a ten-year statute of limitations for recovery of an interest in real property. This does not apply here because it was not an action for recovery of an interest in real property. The Association does not seek to recover Dehls' property; rather, it only seeks to recover the dues owed to it by Dehls.

The Association also argues that RCW 4.16.150, which deals with open and mutual accounts, applies. RCW 4.16.150 provides:

> In an action brought to recover a balance due upon a mutual open and current account, where there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side, but whenever a period of more than one year shall have elapsed between any of a series of items or demands, they are not to be deemed such an account.

8

"An open account is one in which some item of contract is not settled by the parties. Typically, the account results from ongoing sales of goods, supplies, or materials, but may also result from ongoing rendition of services or advancement of money, comprising mutual credits between the parties." 27 MARJORIE D. ROMBAUER, WASHINGTON PRACTICE CREDITORS REMEDIES—DEBTORS' RELIEF § 5.47, at 522-23 (1998) (footnote omitted). And "[a]n account is not mutual if it consists of items provided on separate contracts without reciprocal demands." 27 ROMBAUER, at 523 n.7 (citing *Hills v. City of Hoquiam*, 94 Wn. 63, 161 P. 1049 (1916).

RCW 4.16.150 does not apply here because Dehls unpaid dues is not an open and mutual account. This was not a matter of a contract remaining unsettled by a party. Rather, each yearly dues assessment was a discreet amount owed to the Association. The dues assessment was due on a yearly basis, and the amount of the dues periodically increased. The dues owed each year were for services to be provided by the Association in the coming year.

Articles C and D of the Declarations provide for common expenses owed by each member of the Association annually, and any unpaid expenses become a lien. The dues are due each year in January. In 2002, the dues were $150 per year, and from 2003 to 2017, the dues were $200 per year. The dues went up to $250 per year beginning in 2018. Discreet annual dues amounts were due 90 days after each year's dues were assessed; on the 91st day, the cause of action accrued and the statute of limitations began to run on each discreet dues assessment.

Dehls does not dispute that the Association had the authority through the governing documents to seek enforcement of the 2013 to 2018 dues. Since 2002, Dehls never paid his annual dues and the Association filed and recorded three liens against his property in 2003, 2006, and 2018. At the time the Association filed this lawsuit in 2018, Dehls dues totaled $7,101.00, plus

9

interest accrued from 2003 on. But because the six-year statute of limitations began to run each year on the 91st day after Dehls received his due statement, the Association can only seek enforcement of the unpaid annual dues for the years 2013 through 2018.

Therefore, the superior court erred by granting summary judgment to the Association in regard to the 2002-2012 dues, but it properly granted summary judgment to the Association in regard to the 2013-2018 unpaid dues. Accordingly, we reverse and remand to the superior court for further proceedings consistent with this opinion.

## II. APPELLATE ATTORNEY FEES AND COSTS

Both parties argue that they are entitled to an award of reasonable appellate attorney fees and costs. Because neither party can be perceived as the prevailing party on appeal, we deny both parties' requests.

RAP 18.1(a) authorizes a party to recover reasonable attorney fees and expenses so long as the party "request[s] the fees or expenses" and "applicable law grants to [the] party the right to recover." The party must do so in a separate section of his or her opening brief. RAP 18.1(b). We will award attorney fees to the prevailing party "only on the basis of a private agreement, a statute, or a recognized ground of equity." *Equitable Life Leasing Corp. v. Cedarbrook, Inc.*, 52 Wn. App. 497, 506, 761 P.2d 77 (1988). "When both parties to an action are afforded some measure of relief and there is no singularly prevailing party," neither party is entitled to attorney fees. *Marine Enterprises, Inc. v. Security Pacific Trading Corp.*, 50 Wn. App. 768, 772, 750 P.2d 1290 (1988).

The Declarations provide a right to attorney fees and costs to the prevailing party in any legal actions. Because there is no prevailing party on appeal, we deny both parties' requests for attorney fees and costs on appeal.

CONCLUSION

We reverse the court's judgment and order granting summary judgment, and we remand to the superior court to vacate the judgment and order and enter an amended judgment and order consistent with this opinion.

SUTTON, J.

We concur:

LEE, C.J.

WORSWICK, J.