IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THE EAGLE RIDGE HOMEOWNERS ASSOCIATION, | ) ) ) | No. 37964-7-III |
| Respondent, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| NIKOLAY NIKONCHUK and LUDMILA NIKONCHUK, | ) ) ) ) | |
| Appellants. | ) | |

PENNELL, J. — Nikolay and Ludmila Nikonchuk appeal summary judgment orders related to their nonpayment of dues and fees to the Eagle Ridge Homeowners Association (Eagle Ridge). We affirm.

BACKGROUND

Nikolay and Ludmila Nikonchuk purchased a home within Eagle Ridge in 2001. The home is subject to a declaration of covenants, conditions, and restrictions and reservations of easements for Eagle Ridge. Up until 2013, the Nikonchuks paid all dues, fees, and assessments billed by Eagle Ridge. But in 2013 they stopped. The Nikonchuks asserted they would no longer pay dues and other monetary obligations to Eagle Ridge because they had not received any benefits from the homeowners' association. By 2019, the Nikonchuks owed Eagle Ridge $7,695.93 for unpaid assessments, late fees, interest, and attorney fees.

Eagle Ridge initiated an action against the Nikonchuks for nonpayment of their homeowners' association obligations. The trial court subsequently granted summary judgment to Eagle Ridge on its claim for money due, but reserved ruling on the amount owed. The court later entered a judgment for Eagle Ridge in the amount of $19,003.85, which included unpaid assessments and attorney fees. The Nikonchuks timely appeal.

ANALYSIS

The Nikonchuks make numerous claims of error by the trial court. We discern eight assignments of error in these claims and summarize them as follows:

1.      The trial court erred by failing to conform to the rule that requires it to mail court orders to parties, and by rescheduling the Nikonchuks' hearing the day before it was to take place.

2.      The trial court erred when it failed to read the Nikonchuks' letter regarding their request to cancel the presentment hearing.

3.      Excerpts of the Eagle Ridge governing documents submitted to the trial court were forgeries.

4.      The trial court erred by failing to reduce the award of damages because Eagle Ridge charged the Nikonchuks an unlawful interest rate.

5.      The statute of limitations governing this matter is three, not six years, as mandated by RCW 4.16.040 and the Washington Condominium Act, chapter 64.34 RCW.

6.      Eagle Ridge repeatedly breached its governing documents, yet the trial court failed to consider the Nikonchuks' arguments or supporting documentation.

7.      The trial court erred in the amount of attorney fees it awarded to Eagle Ridge. The ultimate award was not in proportion to the amount in controversy.

8.      The trial court denied the Nikonchuks' request to verify the Eagle Ridge membership fee and instead improperly accepted the validity of the fee. Any calculation of damages is inaccurate without the court verifying the membership fee.

We note as an initial matter that the Nikonchuks' appellate briefing fails to meet the requirements of RAP 10.3(a)(6), which states an appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." The Nikonchuks' briefing is presented as a first-person narrative, criticizing the manner in which the superior court adjudicated the parties' case. Only three authorities are cited within the Nikonchuks' briefing, a California case,[1] a local rule for Spokane County Superior Court (LCR),[2] and a statute,

---

[1] *Levy v. Toyota Motor Sales, U.S.A. Inc.*, 4 Cal. App. 4th 807, 5 Cal. Rptr. 2d 770 (1992).
[2] LCR 52(a)(5).

RCW 64.34.364(8). The Court of Appeals does not "consider conclusory arguments that are unsupported by citation to authority." *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2014). "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Id*. We recognize the Nikonchuks are appearing pro se. Nevertheless, a pro se litigant is held to the same standard as licensed counsel. *Kelsey v. Kelsey*, 179 Wn. App. 360, 368, 317 P.3d 1096 (2014).

The first two identified assignments of error pertain to court procedures unrelated to the merits of their case. Our review of a summary judgment decision is de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Given this standard, procedural irregularities will require reversal only if they are prejudicial. *State v. Templeton*, 148 Wn.2d 193, 220, 59 P.3d 632 (2002). The Nikonchuks have not shown that the procedures used by the trial court deprived them of an ability to develop the factual record for appeal. Thus, the allegations that the court erred by failing to mail timely notices or by not reading the Nikonchuks' documents are not grounds for reversal.

Three of the identified assignments of error (3, 6, and 8) are allegations the trial court erroneously accepted Eagle Ridge's position with regard to facts over that of the Nikonchuks. We disagree with this assessment. The Nikonchuks' positions with respect

to an allegedly forged document; Eagle Ridge's violations of tree removal, watering, and meetings obligations; and the amount of the Eagle Ridge membership fee all rest on speculation, unsupported by evidence in the record on review. This is insufficient to overcome a motion for summary judgment. *Becker v. Wash. State Univ.*, 165 Wn. App. 235, 245-46, 266 P.3d 893 (2011).

The fourth assignment of error is that the financial obligations imposed by Eagle Ridge are subject to an illegal and usurious interest rate. Here, the nature of the Nikonchuks' argument is impossible to determine from the limited briefing. To the extent the Nikonchuks argue Eagle Ridge failed to accurately calculate the interest rate, the argument fails for lack of factual support. To the extent the Nikonchuks claim Eagle Ridge has charged a usurious interest rate, the claim fails because it is not accompanied by any legal authority or analysis. *DeHeer v. Seattle-Post Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities," but may assume none exist.).

The fifth assignment of error is that the trial court erroneously applied a six-year statute of limitations period under RCW 4.16.040 instead of a three-year statute of limitations under RCW 64.34.364(8). We disagree with this assertion. The three-year limitation period cited by the Nikonchuks applies to condominiums, not homeowners'

associations. Homeowners' associations are entities governed by written agreements. *Kiona Park Estates v. Dehls*, 18 Wn. App. 2d 328, 336-37, 491 P.3d 247 (2021). The legislature has not designated a specific statute of limitation period for actions arising out of the administration of homeowners' associations. *Id*. Thus, the six-year limitation period applicable to disputes over written agreements applies. *Id*. at 337.

The seventh assignment of error pertains to the trial court's award of attorney fees. According to the Nikonchuks, the fee award was invalid because it was not proportional to the amount in controversy. The Nikonchuks do not challenge the availability of fees, the attorney fee rate, or the hours spent on litigation. We review the reasonableness of a trial court's attorney fee award for abuse of discretion. *Ethridge v. Hwang,* 105 Wn. App. 447, 460, 20 P.3d 958 (2001).

We find no abuse of discretion in the amount of the attorney fee award. Disproportionality of fees to damages is not a decisive indicator of an unreasonable attorney fee award. *Travis v. Wash. Horse Breeders Ass'n, Inc.*, 111 Wn.2d 396, 410, 759 P.2d 418, 425 (1988). Other important factors include "the time expended, the difficulty of the questions involved, and the skill required." *Beeson v. Atl.-Richfield Co.*, 88 Wn.2d 499, 511, 563 P.2d 822 (1977). Here, Eagle Ridge submitted declarations with billing statements to the trial court explaining its rates for fees and time spent on this case.

The records show that the fees incurred by Eagle Ridge did not grossly exceed the amount in controversy. The trial court had ample justification for its fee award.

## APPELLATE ATTORNEY FEES

Eagle Ridge requests attorney fees and costs on appeal pursuant to its governing documents, which provide that the prevailing party in a dispute be awarded reasonable attorney fees and expenses. The Nikonchuks did not address Eagle Ridge's request in their reply brief.

Under RAP 18.1(a), this court may award attorney fees on appeal if applicable law so provides. A party is entitled to an award of attorney fees on appeal if a contract, statute, or recognized ground of equity permits recovery of attorney fees and the party is the substantially prevailing party on appeal. *Hwang v. McMahill,* 103 Wn. App. 945, 954, 15 P.3d 172 (2000). In general, a prevailing party is one who receives an affirmative judgment in their favor. *Schmidt v. Cornerstone Invs., Inc.,* 115 Wn.2d 148, 164, 795 P.2d 1143 (1990).

Eagle Ridge's declaration of protective covenants, conditions and restrictions provides, in relevant part:

> In the event the [homeowners' association] shall bring any suit or action to enforce this [declaration of protective covenants, conditions and restrictions], or to collect any assessment or other amount due hereunder or to foreclose a lien, the prevailing party in such suit or action shall recover

7

such amount as the court may determine to be reasonable as attorneys' fees and expenses of litigation at trial, including a foreclosure title report, and including all reasonable legal fees and costs incurred upon any appeal or petition for review thereof.

Clerks Papers at 99. Because the declaration of protective covenants, conditions and restrictions provides for an award attorney fees and Eagle Ridge is the prevailing party on appeal, we award Eagle Ridge its reasonable attorney fees and expenses.

## CONCLUSION

We affirm the superior court and award reasonable attorney fees and expenses to Eagle Ridge, subject to its compliance with RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Fearing, J.                                                    Staab, J.

8